421 F.2d 1393
 UNITED STATES of America and Robert Gray, Special Agent,
Internal Revenue Service, Petitioners,
v.
Lester H. SALTER, Respondent, and Local 57, International
Union of Operating Engineers, Intervenor.
 Misc. No. 363.
 United States Court of Appeals, First Circuit.
 Submitted Jan. 20, 1970.
Decided Feb. 24, 1970.
 
 Johnnie M. Walters, Asst. Atty. Gen., and Lee A. Jackson, Atty., Dept. of Justice, on petition for permission to appeal.
 James R. McGowan, Providence, R.I., on motion to vacate order granting permission to appeal.
 Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.
 ALDRICH, Chief Judge.
 
 
 1
 Respondent moves for reconsideration of our ex parte order allowing an interlocutory appeal, pursuant to the provisions of 28 U.S.C. 1292(b), from a discovery order of the district court in an Internal Revenue subpoena matter. His principal contention is that there is not a 'controlling question of law,' as statutorily required. We have assumed, without deciding, in similar circumstances that there would be such a question. Goldfine v. Pastore, 1 Cir., 1958, 261 F.2d 519, 521. On further consideration we believe there is not. Pre-trial disclosure may indeed involve an ultimate question of law in the case, Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., N.D.Ill., 1963, 225 F.Supp. 332, aff'd 335 F.2d 203, but it may not. Here the only question is the admissibility of certain evidence on a legally relevant, Lash v. Nighosian, 1 Cir., 1959, 273 F.2d 185, cert. denied 362 U.S. 904, 80 S.Ct. 610, 4 L.Ed.2d 554, issue. This is not a controlling question of law. United States v. Woodbury, 9 Cir., 1959, 263 F.2d 784. We prefer the dissenting to the majority opinion in Groover, Christie & Merritt v. LoBianco, 1964, 119 U.S.App.D.C. 50, 336 F.2d 969.
 
 
 2
 The order allowing an interlocutory appeal is vacated. If the matter be thought sufficiently serious, a petition for mandamus may be filed. Cf. Lear Siegler, Inc. v. Adkins, 9 Cir., 1964, 330 F.2d 595. We need hardly say that the burden here is much heavier, and a very substantial showing of prejudice must be made before we would even consider such a petition. Cf. Switzerland Cheese Ass'n, Inc. v. Horne's Market, Inc., 1 Cir., 1965, 351 F.2d 552, aff'd 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23.