**SHELTER REALTY CORPORATION et al., Plaintiffs,**

v.

**ALLIED MAINTENANCE CORPORATION et al., Defendants.**

No. 76 Civ. 341.

United States District Court,
S. D. New York.

Nov. 29, 1977.

---

Pomerantz, Levy, Haudek & Block by Stanley M. Grossman, New York City, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for National Kinney Corp.; Martin London, John M. Delehanty and David S. Elkind, New York City, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for Prudential Bldg. Maintenance Corp.; Fred A. Freund, John A. Friedman, Mark C. Zauderer and Rena C. Seplowitz, New York City, of counsel.

Law Firm of Malcolm A. Hoffmann, Graubard, Moskovitz, McGoldrick, Dannett & Horowitz, New York City, for Allied Maintenance Corp. and Allied Bldg. and Airport Services, Inc.; Malcolm A. Hoffmann, Robert W. Biggar, Jr., Raymond J. Horowitz, John A. Young and Edward S. Weltman, New York City, of counsel.

Stroock & Stroock & Lavan, New York City, for Temco Service Industries, Inc.; Charles G. Moerdler, Lawrence M. Handelsman, Alan Kolod, New York City, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for Alpine Industries, Inc.; Barry H. Garfinkel, Edward J. Yodowitz, New York City, of counsel.

Spiro, Felstiner, Prager & Treeger, New York City, for Anchor Cleaning Service, Inc.; William W. Prager, New York City, of counsel.

Ash & Miller, Weil, Gotshal & Manges, New York City, for Arcade Cleaning Contractors, Inc.; Ted M. Wolkof, Ira M. Millstein, Richard J. Davis and Robert F. Brodegaard, New York City, of counsel.

S. Edward Orenstein, P. C., New York City, for Coastal Enterprises, Inc.; S. Edward Orenstein, P. C., Allan M. Pollack, P. C., New York City, of counsel.

Martin, Obermaier & Morvillo, New York City, for Eastern Maintenance Service, Inc. and Triangle Maintenance Service, Inc.; Robert G. Morvillo, Thomas Fitzpatrick, New York City, of counsel.

Shea, Gould, Climenko, Kramer & Casey, New York City, for MacClean Service Co., Inc.; Ira Postel, New York City, of counsel.

## MEMORANDUM

FRANKEL, District Judge.

In a private antitrust suit charging conspiratorial allocation of customers among twelve building maintenance companies, this court determined on June 13, 1977, that the case could proceed as a class action. D.C., 75 F.R.D. 34. By motion dated November 2, 1977, defendants seek a statement under 28 U.S.C. § 1292(b) that the class-action order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation * * *."

Despite the length and extensive scholarship in defendants' papers, this is not a suitable case for burdening the Court of Appeals under 28 U.S.C. § 1292(b). Whether or not district judges will desire it to be

so, the determination allowing a class action to proceed involves a particular appraisal of specific facts and is to a measurable extent discretionary. For better or worse, the task has been performed here. The prospect of finding a really "controlling question of law" does not seem strong even if it is not patently illusory. Indeed, the defendants' heavy reliance upon the *en banc* decision in *Windham v. American Brands, Inc.*, 565 F.2d 59 (4th Cir. 1977), exposes some infirmity in their position; that decision, sustaining a district judge's *denial* of class action treatment, stressed centrally the place of discretion at *nisi prius* in such decisions.

The court notes with interest, if not with favor, defendants' *in terrorem* prediction that no matter how the common questions may be decided in this case, there is a prospect "that proof of damages and injury would require extensive individualized trials." * The point is echoed in the *Windham* case, defendants' prime authority, which noted approvingly a district judge's fear that "if he certified [that antitrust suit] as a class action, the court would be swamped by an overwhelming deluge of mini-trials, in which the potential claimants would be entitled to a jury trial, and which would engage the time and attention of the court for years to come." *Windham, supra*, at p. 67. Respectfully, however, this court notes that experience with class actions does not put much flesh on specters of that kind. There is reason to believe that civilized litigants and attorneys find ways to settle individual claims where the questions of general application go against defendants. But, of course, that hope or possibility may not be realized. In the rare cases where this is so, it is more fitting that the work of adjudication be done than that the multiplicity of claimants be blocked at the threshold by denial of the class-action procedure designed to give them an effective day in court.

Defendants' application is denied. So ordered.

---

* Application for a Statement Permitting Appeal 8.