Defendant, First Alabama Bank of Montgomery, seeks to appeal from an order certifying an action against it as a class action under ARCP 23 (b)(1)(A), 23 (b)(1)(B) and/or 23 (b)(2) and designating two classes of plaintiffs. The purported appeal as of right *Page 33 
is dismissed and the alternative request for permission to appeal is denied.
In December, 1978, plaintiffs Charlotte Martin and Kathleen Gerson filed suit against defendant First Alabama Bank [hereinafter "Bank"] charging that the Bank, by making imprudent investments with the assets of two common trust funds controlled by it, had violated its duties as trustee of the common funds. Two other plaintiffs were later added by amendment. The original plaintiffs and the intervenor-plaintiffs all are beneficiaries of trusts of which the Bank is (or was) trustee.
The complaint, as last amended, claims that as trustee of the individual trusts the Bank took from the plaintiffs and others similarly situated instruments under which it was given the discretionary power to invest the assets of the trust in participating units of two Common Trust Funds (the "Bond Fund" and the "Equity Fund") maintained by the Bank. Plaintiffs averred that from 1971 through 1978 the Bank used substantial portions of the principal of the individual trusts to purchase units in one or both of the common funds, and that in its capacity as manager of the common funds the Bank made imprudent investments with the monies in the common funds, which investments resulted in substantial losses to the funds. Plaintiffs sought an order that the suit could properly be maintained as a class action under ARCP 23 (b)(1) or 23 (b)(2), a declaration that the defendant "as a paid Trustee was chargeable with the primary duty of maintaining the integrity and safety of the principal of the trust funds" which was invested in each of the common funds, a declaration that the defendant is liable to account to each of the common trust funds "for all losses resulting from the making of imprudent, unsafe, speculative, or risky investments and for loss of income thereon," and a declaration that certain investments made by the Bank as manager of the common funds were in fact imprudent. The complaint further sought to require the Bank to restore to the common trust funds the losses allegedly sustained because of the Bank's improper investments.
As we have indicated, plaintiffs seek to maintain this suit as a class action under ARCP 23. They contend that they should be permitted to sue both for themselves and "as representative parties on behalf of all persons similarly situated, who held beneficial interests in participating units" of each of the common trust funds from 1971 through 1978. The Bank has continuously opposed the certification of the action as a class action. After months of discovery regarding the issues posed by the class action allegations, the trial court conducted a hearing on the class action question. The court then entered an order (1) certifying the suit as a class action under ARCP 23 (b)(1)(A), 23 (b)(1)(B) and/or 23 (b)(2), and (2) denominating two classes of plaintiffs: a class composed of beneficiaries whose trust funds were invested in the "Bond Fund" from 1971 through 1978 and a class composed of beneficiaries whose trust funds were invested in the "Equity Fund" during the same period. The trial court accordingly denied defendant's motion to dismiss the complaint and its motion for partial summary judgment on the class action aspect of the complaint. Defendant then filed a notice of appeal to this Court and, alternatively, submitted a petition for permission to appeal from an interlocutory order.
 I
As a general proposition, one has the right to appeal only from a "final judgment" of the circuit court. See Code of 1975, § 12-22-2. The first question presented here is whether the circuit court's order allowing this suit to proceed as a class action under ARCP 23 was a final judgment which will support an appeal as a matter of right. We hold that it was not.
A final judgment has been defined by this Court as an order or decree which puts an end to all matters litigated or which ought to have been litigated with respect to a particular controversy. In re Estate of Amason, 347 So.2d 393 (Ala. 1977). An order certifying a class is inherently not a final judgment, even regarding the class *Page 34 
certified, because ARCP 23 (c) expressly permits the trial judge to revise his original order at any time before passing on the merits of the case. As the United States Court of Appeals for the Second Circuit pointed out in Parkinson v.April Industries, Inc., 520 F.2d 650 (2d Cir. 1975):
 The granting of a class designation is in no sense an effective termination of any aspect whatever of the litigation, but only directs the form in which the action will proceed. The initial order is strictly provisional and by the terms of Rule 23 (c)(1) "may be altered or amended before the decision on the merits." An order granted prior to discovery may be reevaluated on the basis of facts emerging from a fuller record, and a decision by an appellate court upon an appeal from the initial order would not settle the propriety of the designation once and for all because new information might well require a revision of the original order by the district court. The possible likelihood of successive appeals on the same issue, a concern which lies at the heart of the final judgment rule, exists.
520 F.2d at 653.
The validity of the view that "orders granting class certification are interlocutory" — as has been held in a host of federal appellate court decisions [see, e.g., Re CessnaAircraft Distributorship Antitrust Litigation, 518 F.2d 213
(8th Cir.) cert. den. 423 U.S. 947, 96 S.Ct. 363,46 L.Ed.2d 282, reh. den. 423 U.S. 1039, 96 S.Ct. 577, 46 L.Ed.2d 414
(1975); Blackie v. Barrack, 524 F.2d 891 (9th Cir. 1975); Katzv. Carte Blanche Corp., 496 F.2d 747 (3rd Cir.) cert. den.419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); Bennett v.Behring Corp., 525 F.2d 1202 (5th Cir.) cert. den.425 U.S. 975, 96 S.Ct. 2175, 48 L.Ed.2d 798 (1976)] — was recently sustained by the U.S. Supreme Court in Coopers Lybrand v.Livesay, 437 U.S. 463, 476, 98 S.Ct. 2454, 2462, 57 L.Ed.2d 351
(1978). We find the federal cases on this issue most persuasive, and, accordingly, hold that we are without jurisdiction to entertain the Bank's attempt to appeal as a matter of right. See McKleroy v. Gadsden Land DevelopmentCo., 126 Ala. 184, 28 So. 660 (1900).
 II
In addition to asserting that it has a right to maintain an appeal from the trial court's order allowing this case to proceed as a class action, First Alabama Bank has alternatively petitioned this Court for permission to appeal from an interlocutory order. We deny the Bank's ARAP 5 petition for permission to appeal.
Rule 5, ARAP, the means by which a party may obtain interlocutory review of a non-final order, is a composite of FRAP 5 and 28 U.S.C. § 1292 (b). See ARAP 5, Committee Comments. Because this Court has not previously had occasion to address the question of when, if ever, interlocutory review of an order granting class action status is warranted, we have engaged in a rather extensive review of the federal cases dealing with the appealability vel non under 28 U.S.C. § 1292
(b) of class action orders. Our survey of the pertinent decisions of the federal courts, as well as an in-depth analysis of the arguments of the parties, has convinced us that interlocutory orders which grant class certification are not susceptible to effective review.
As is required under ARAP 5, the Bank's petition for permission to appeal contains the trial judge's certification that the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from the order would materially advance the ultimate termination of the litigation and that the appeal would avoid protracted and expensive litigation. . . ." This Court, however, is not bound by the trial court's conclusion that an immediate appeal is desirable, for ARAP 5 mandates that both the trial court and the Supreme Court concur in allowing an appeal from an interlocutory order.See, e.g., Control Data Corp. v. International BusinessMachines Corp., 421 F.2d 323 (8th Cir. 1970). The discussion which follows is a brief summary of our reasons for refusing to grant permission to appeal in this case. *Page 35 
As we have mentioned, class action determinations are inherently provisional under the terms of ARCP 23. The trial court is at liberty to alter or amend the order granting class action status at any time before deciding the merits of the case. The court may even terminate the class status if further developments so dictate. See Wilcox v. Commerce Bank,474 F.2d 336 (5th Cir. 1973). Our intervention at this preliminary stage would constitute an uncalled-for encroachment upon the trial court's power to manage its own cases and would place this Court in the position of an advisory panel. That is not our function.
We are also unable to perceive any "controlling question of law" posed by this case in its present posture that might merit our attention pursuant to Rule 5, ARAP. Determinations allowing class actions to proceed rest largely within the discretion of the trial court; in the words of Judge Frankel of the U.S. District Court for the Southern District of New York, such a decision "involves a particular appraisal of specific facts and is to a measurable extent discretionary." Shelter Realty Corp.v. Allied Maintenance Corp., 442 F. Supp. 1087, 1089 (1977). As our system of jurisprudence is largely predicated on the studied discretion of trial judges, we are not at all disturbed by the fact that decisions of such moment as orders permitting a class action to proceed must be made by the individual trial judges without the assistance of appellate courts. See Anschulv. Sitmar Cruises, Inc., 544 F.2d 1364 (7th Cir. 1976). Only if it appears that a trial court arbitrarily refused to apply the criteria enunciated in ARCP 23 to the facts of a particular case would we be inclined to permit an interlocutory appeal from an order granting class certification. The lower court's rather lengthy certification order in this case clearly discloses that each of the factors set forth in Rule 23 was carefully considered before the class action determination was made. The order does not reveal any abuse of discretion.
Our decision to refuse to grant permission to appeal in the instant case is buttressed by some of the language employed by the Third Circuit Court of Appeals in Link v. Mercedes-Benz ofNorth America, Inc., 550 F.2d 860 (3rd Cir. 1977). The Link
case was an attempted appeal under 28 U.S.C. § 1292 (b) of an interlocutory order certifying a plaintiff class of some three hundred thousand persons pursuant to FRCP 23 (b)(3). Although the district court had certified certain questions as "controlling" the Court of Appeals refused to review the order determining the class. After pointing out that acceptance of28 U.S.C. § 1292 (b) appeals in unexceptional cases would constitute an "erosion of the prohibition against `piecemeal' appellate review," the court ruled that:
 [A class action] determination, in and of itself, does not present a "controlling question of law" to which this court should be hospitable under § 1292 (b). If the district court has qualms about determining the class, because it has a serious question whether it is "apply[ing] the correct criteria to the facts of the case," . . . (a) it should hesitate in determining the class until reasonably assured of the correctness of its ruling and (b) it should not certify for § 1292 (b) consideration without stating persuasive reasons why the particular class action question is so unusual as to demand the intervention of an appellate court. In affording immediate appellate review of "controlling questions of law," § 1292 (b) was not designed to substitute wholesale appellate certainty for trial court uncertainty under circumstances where, as here, the Rule gives broad discretion to the district court to revise its class action determination at any time prior to the decision on the merits.
550 F.2d at 863.
The considerations articulated by the Link court concerning28 U.S.C. § 1292 (b) appeals apply with equal force to appeals under ARAP 5. The trial judge here did not specify what questions of law he felt were controlling, and the arguments advanced by the Bank regarding the alleged misapplication of the Rule 23 criteria by the *Page 36 
trial court have not persuaded us that any such questions exist. As a result we deny the Bank's request for permission to appeal.
APPEAL DISMISSED; REQUEST FOR PERMISSION TO APPEAL DENIED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.