Donald M. MOSLEY, Plaintiff—Appellee,

v.

James BEASLEY, et al., Defendants—Appellants,

and

Terry Figliuzzi, aka Terry Mosley, Defendant.

Donald M. Mosley, Plaintiff—Appellant,

v.

James Beasley, et al., Defendants—Appellees,

and

Terry Figliuzzi, aka Terry Mosley, Defendant.

Nos. 02–15099, 02–15169.

D.C. No. CV–00–00976–JLQ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Oct. 23, 2002.

Before D.W. NELSON, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Donald Campbell, James Beasley, B. Mahlon Brown, III, Larry Hicks, Frank Brusa, Diana Glomb, Steve Chappell, Mike Memeo, Connie Steinheimer, Leonard Gang, and Mary E. Boetsch appeal the district court's stay of proceedings pending the Nevada Supreme Court's resolution of Nevada Judge Donald M. Mosley's appeal of a state judicial discipline order. They argue that the district court erred in failing to dismiss Judge Mosley's claims for monetary relief pursuant to the *Rooker–Feldman* doctrine and principles of absolute and qualified immunity. We have jurisdiction over a denial of a motion to dismiss on the ground of immunity pursuant to 28 U.S.C. § 1291, *see In re Castillo,*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

Nos. 00–55846, 00–55851, 2002 WL 31001886, at *4 (9th Cir. Sept.6, 2002), and we affirm.

A district court's stay order is reviewed for an abuse of discretion. *Yong v. INS,* 208 F.3d 1116, 1119 (9th Cir.2000). The district court did not abuse its discretion in light of the circumstances before it by entering a stay of the complex proceedings until the Nevada Supreme Court issues its final order. We presume that the Nevada Supreme Court proceedings will proceed to a prompt resolution and that the district court will act expeditiously at that time to resolve the issues of qualified and absolute immunity, which, of course, implicate the appellants' rights to be free of suit.

We lack jurisdiction to review Judge Mosley's cross-appeal from the denial of discovery. The Court of Appeals does not normally review discovery rulings on interlocutory appeal, absent certification by the district court pursuant to 28 U.S.C. § 1292(b). *See James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n. 6 (9th Cir.2002); *see also United States v. Amlani,* 169 F.3d 1189, 1192 n. 2 (9th Cir.1999). In any event, it would be premature to permit discovery in view of the pending motions to dismiss on immunity grounds.

The district court's order staying proceedings is AFFIRMED.