AIRGAS MID–AMERICA, INC.,
Appellant–Plaintiff,

v.

Shannon LONG, Steve Eidson, Tony Parrish and Evansville Welding Supply, LLC, Appellees–Defendants.

No. 82A05–0312–CV–648.

Court of Appeals of Indiana.

July 30, 2004.

Thomas O. Magan, Robert F. Barron, II, Todd C. Barsumian, Kahn Dees Donovan & Kahn, Evansville, IN, Attorneys for Appellant.

## OPINION

SHARPNACK, Judge.

In this interlocutory appeal, Airgas Mid–America, Inc. ("Airgas") appeals the trial court's grant of a motion to quash filed by Evansville Welding Supply, LLC ("EWS").[1] Airgas raises several issues, which we consolidate and restate as whether the trial court abused its discretion by granting EWS's motion to quash the subpoena duces tecum based upon the accountant-client privilege. We reverse and remand.[2]

The relevant facts follow. Airgas filed a complaint against EWS, Shannon Long, Steve Eidson, and Tony Parrish (collec-

---

1. We note that EWS has failed to file an appellee's brief. When the appellee fails to submit a brief, we need not undertake the appellee's burden of responding to arguments that are advanced for reversal by the appellant. *Hamiter v. Torrence,* 717 N.E.2d 1249, 1252 (Ind.Ct.App.1999). Rather, we may reverse the trial court if the appellant makes a prima facie case of error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.*

2. We direct Airgas's attention to Ind.App. Rule 46(A)(10) which requires an appellant's brief to "include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

tively, the "Defendants") and alleged, in part, that Long, Eidson, and Parrish misappropriated Airgas's trade secrets and confidential information and breached their fiduciary duties to Airgas by forming EWS and competing with Airgas while they were still employed by Airgas. During the litigation, Airgas sought to depose John Friend, a certified public accountant. Airgas also issued a subpoena duces tecum to Friend, requesting:

His entire file concerning [Long, Eidson, Parrish, and EWS], including but not limited to any and all documents, correspondence, records, pro formas, business plans, projected financial statements, notes, work papers, draft projections and supporting estimates.

Appellant's Appendix at 105. Friend had apparently assisted the Defendants in developing a business plan and obtaining financing. EWS filed a motion to quash the subpoena duces tecum on the grounds that:

any information known by or in the possession of [Friend] regarding the subject matter of this case would necessarily have been obtained by [Friend] in connection with his professional accountancy services rendered to the defendants. Pursuant to I.C. § 25–2.1–14–1, [Friend] is not required to divulge any such information relative to and in connection with the professional services rendered to defendants.

Id. at 50. After a hearing, the trial court granted EWS's motion to quash as follows: "Defendants' motion to quash subpoena duces tecum to [Friend] is granted based upon the plain language of Indiana Code 25–2.1–14–1 and further based on the fact that the information requested may be available from other sources such as the Defendants." Id. at 49. Airgas filed a motion to reconsider or, in the alternative, to certify the order for interlocutory appeal. The trial court denied Airgas's motion to reconsider but granted Airgas's motion to certify the order for interlocutory appeal. This court accepted jurisdiction over the interlocutory appeal pursuant to Ind. Appellate Rule 14(B).

■ The issue is whether the trial court abused its discretion by granting EWS's motion to quash Airgas's subpoena duces tecum to Friend based upon the accountant-client privilege. The grant or denial of motions for discovery rests within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Moyars v. Moyars*, 717 N.E.2d 976, 978 (Ind.Ct.App.1999), *trans. denied.* An abuse of discretion will not be found unless the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

■ EWS's motion to quash the subpoena duces tecum to Friend was based upon the accountant-client privilege, which is governed by Ind.Code § 25–2.1–14. Ind. Code § 25–2.1–14–1 (1998) provides that: "A certified public accountant, a public accountant, an accounting practitioner, or any employee is not required to divulge information relative to and in connection with any professional service as a certified public accountant, a public accountant, or an accounting practitioner." Further, Ind. Code § 25–2.1–14–2 (1998) provides:

The information derived from or as the result of professional services is confidential and privileged. However, this section does not prohibit a certified public accountant, a public accountant, or an accounting practitioner from disclosing any data required to be disclosed by the standards of the profession:

(1) in rendering an opinion on the presentation of financial statements;

(2) in ethical investigations conducted by private professional organizations;

(3) in the course of quality reviews; or

(4) in making disclosure where the financial statements or the professional services of an accountant are contested.

Because the accountant-client privilege is a statutory creation, it is "disfavored" and is "therefore strictly construed in order to limit [its] application." *First Cmty. Bank & Trust v. Kelley, Hardesty, Smith and Co., Inc.*, 663 N.E.2d 218, 222 (Ind.Ct.App. 1996).

Airgas argues that the trial court abused its discretion by instituting a blanket privilege over the documents and that the Defendants had the burden of demonstrating that the privilege applied on a document-by-document basis.[3] Our supreme court has held that it disfavors blanket claims of privilege. *Hayworth v. Schilli Leasing, Inc.*, 669 N.E.2d 165, 169 (Ind.1996). When ruling on whether to require the production of documents, a trial court must make an initial determination of relevancy to the issues being tried. *Canfield v. Sandock*, 563 N.E.2d 526, 531 (Ind.1990), *reh'g denied.* If that test is met, the trial court must next determine if the information is protected from discovery by a privilege or immunity. *Id.* The trial court may make this determination through an *in camera* inspection. However-er, while an *in camera* inspection by a court on a discovery question is not unknown, it is at least rare and should remain rare. *Id.* Such an *in camera* inspection is a discretionary act requiring the trial court to expend a great amount of time and energy. *Id.*

"The party seeking to assert a privilege has the burden to allege and prove the applicability of the privilege 'as to each question asked or document sought.'" *Hayworth*, 669 N.E.2d at 169 (quoting *Owens v. Best Beers of Bloomington, Inc.*, 648 N.E.2d 699, 702 (Ind.Ct.App. 1995)). "Claims of privilege 'must be made and sustained on a question-by-question or document-by-document basis.'" *Hayworth*, 669 N.E.2d at 169 (quoting *Petersen v. U.S. Reduction Co.*, 547 N.E.2d 860, 862 (Ind.Ct.App.1989)). Absent an articulation of specific reasons why the documents sought are privileged, the information is discoverable. *State v. Hogan*, 588 N.E.2d 560, 563 (Ind.Ct.App.1992), *trans. denied.* "Otherwise, the whole discovery process is frustrated and vital information may be 'swept under the rug.'" *Id.* Further, we note that trial courts retain the authority provided by Ind. Trial Rule 26(C) and Ind. Trial Rule 37(A)(4) to sanction the waste of judicial resources exhausted in evaluating what turn out to

---

**3.** Airgas also argues that Ind.Code § 25–2.1–14–1 is inapplicable because the information was not "relative to and in connection with any professional service" as required under that statute. Additionally, Airgas contends that the information given to Friend was intended to be communicated to third parties and, thus, was not confidential. Lastly, Airgas argues that the trial court's interpretation of the accountant-client privilege statute violated Article I, Section 12 of the Indiana Constitution. Because we determine that the trial court abused its discretion by granting a blanket privilege, we need not address Airgas's remaining arguments. We leave to the trial court to determine whether the specific information is "relative to and in connection with any professional service" under the statute. However, we do note that communications intended to be transmitted to a third person are not privileged. *See, e.g., Overstreet v. State*, 783 N.E.2d 1140, 1155–1156 (Ind. 2003) (discussing communications between spouses), *cert. denied,* —— U.S. ——, 124 S.Ct. 1145, 157 L.Ed.2d 1044 (2004); *Owens v. Best Beers of Bloomington, Inc.*, 648 N.E.2d 699, 704 (Ind.Ct.App.1995). If, on remand, the trial court determines that information given to Friend was intended to be communicated to third persons, the information is not privileged.

be meritless assertions of the privilege. *Canfield,* 563 N.E.2d at 531.

Here, Airgas issued a subpoena duces tecum to Friend, requesting:

His entire file concerning [Long, Eidson, Parrish, and EWS], including but not limited to any and all documents, correspondence, records, pro formas, business plans, projected financial statements, notes, work papers, draft projections and supporting estimates.

Appellant's Appendix at 105. EWS filed a motion to quash the subpoena duces tecum on the grounds that:

any information known by or in the possession of [Friend] regarding the subject matter of this case would necessarily have been obtained by [Friend] in connection with his professional accountancy services rendered to the defendants. Pursuant to I.C. § 25–2.1–14–1, [Friend] is not required to divulge any such information relative to and in connection with the professional services rendered to defendants.

*Id.* at 50. Although EWS had the burden of demonstrating why each individual piece of information was privileged, EWS did not assert the privilege on a question-by-question or document-by-document basis. We conclude that EWS's blanket privilege claim was insufficient to meet its burden of demonstrating that the information was privileged under the accountant-client privilege. While some of the information may be protected under the accountant-client privilege, the trial court must make this determination on an individual basis. Consequently, the trial court abused its discretion by granting EWS's motion to quash the subpoena duces tecum. *See, e.g., Penn Cent. Corp. v. Buchanan,* 712 N.E.2d 508, 516 (Ind.Ct.App.1999) (holding that "[w]hile the subject of Penn Central's request is seemingly broad-based, Buchanan's blanket invocation of privilege is insuf-ficient to support his assertion that all the requested documents were protected. While some of the requested documents and testimony may have been protected if properly challenged, such a determination must be made on an item specific basis."), *reh'g denied, trans. denied.*

For the foregoing reasons, we reverse the trial court's grant of EWS's motion to quash and remand for proceedings consistent with this opinion.

Reversed and remanded.

DARDEN, J., and ROBB, J., concur.