NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KIMBERLY-CLARK WORLDWIDE, INC.,**
*Plaintiff-Petitioner,*

v.

**FIRST QUALITY BABY PRODUCTS, LLC, FIRST QUALITY PRODUCTS, INC., FIRST QUALITY RETAIL SERVICES, LLC, AND FIRST QUALITY HYGIENIC, INC.,**
*Defendants-Respondents.*

---

Miscellaneous Docket No. 957

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the United States District Court for the Middle District of Pennsylvania case no. 09-CV-1685, Judge William W. Caldwell.

## ON PETITION

---

Before GAJARSA, FRIEDMAN, and MOORE, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

## ORDER

Kimberly-Clark Worldwide, Inc. (Kimberly-Clark) petitions for permission to appeal orders certified by the

United States District Court for the Middle District of Pennsylvania as ones involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. First Quality Baby Products, LLC et al. (First Quality) opposes. Kimberly-Clark replies.

This petition stems from a patent infringement suit brought by Kimberly-Clark against First Quality that remains pending before the United States District Court for the Middle District of Pennsylvania. First Quality sought discovery of certain documents produced by Kimberly-Clark during several alternative dispute resolution proceedings between Kimberly-Clark and a third party. Kimberly-Clark objected, asserting that the documents were privileged under the "federal mediation privilege." First Quality sought an order compelling discovery of those documents.

The District Court recognized the federal mediation privilege, but held that although documents arising from "mediation" proceedings were privileged, other documents arising from "arbitration" proceedings were discoverable. In a separate order, the District Court certified its discovery ruling for permissive appeal pursuant to 28 U.S.C. § 1292(b). Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(c)(1). We determine that granting the petition in these circumstances is warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is granted.

FOR THE COURT

__JAN 1 0 2011__                 /s/ Jan Horbaly
        Date                      Jan Horbaly
                                  Clerk

cc:  Constantine L. Trela, Jr., Esq.
     D. Michael Underhill, Esq.

s19

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 1 0 2011

JAN HORBALY
CLERK