Vance ADAMS, Shane L. Allen, Richard A. Allison, Sean Andrews, Isaac Banks, Kenneth Batts, John Bowen, Harold Brantley, Roy D. Buck, Ronald Buzzard, Jr., Patrick Calf Robe, Israel Chavez, Brandon Lee Clary, Robin B. Combs, Sr., David Cooper, Robert Dermates, Daniel Diaz, Phillip Dixon, Justin Dougherty, Wesley Fair, Jose Fernandez, Thomas G. Gallegos, Roy Gibbens, Oliver Giller, Donald Gilliland, Jeff Gillis, Zelo Goings, Mwamba H. Goma, Delfino Gonzales, Richard Gonzales, Erwin P. Greer, Bruce Hatfield, Rodney J. Harris, Billy Hendrix, Jeff Howard, Warren N. Johnson, Douglas Justice, Thomas Kennedy, Matt Kulas, Ronald Larkins, Uimaiama Luasiva, James Lawver, Mike Lopez, Joseph Lujan, Kenneth Mackey, Rick Maestas, Carlos Rey Martinez, Tommy McClain, Pablo Melendez, Donald Mester, Brian Mills, Terry Mowatt,

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2011.

Anh Vu Nguyen, William Osterfoss, Socrates Packer, Ralph D. Patrick, Stephen D. Peck, Carroll Pollard, Paul I. Pollard, Jr., George L. Ramey, William J. Roper, III, Timothy L. Schaff, Donald C. Scholoff, Jeremy Simmons, Carlos Smith, Rick Smith, Robby Ray Summa, Paul Wade, Chris Watkins, Deon Waynewood, Jerry M. Weir, Tyronne Williams, Christopher J. Wimberly, David E. Wright, Jared Adam, William Albillar, Howard Alley, Jr., Rudy Alverado, Lonnie L. Anderson, John C. Armintrout, Chad Ball, Adolfo R. Barrera, Michael Basbagill, Felipe Blan, Joe Bland, Andres Bocanegra, Terry Borrowdale, Josh Boyce, Robert Boyer, Chad Bremer, Edward Lavon Brown, Carolos Cid, Michael Clarke, Gary Davis, Sylvester Davis, Wendell Degree, Chris Delgado, Ryan Delmastro, Scott Doty, Steven Driver, Jr., Kevin Drum, Dennis Duncan, Larry Eche, Vincent A. Espalin, Isaac Espinoza, Franco Fernando, Robert I. Foster, Gary M. Frostman, Mark Garcia, Jeff Gerrard, Gerard Gleiforst, Kenneth Griffin, Kevin Gustafson, Joseph Gutierrez, Jaime R. Guzman, Steve Haden, Justin Hall, Roy R. Hanthorn, John Harvey, Albert Hayes, Glen R. Hernet, Jose Thomas Herrera, Fermin R. Idnojos, Jr., Lawrence Howard, Darell Howze, Dale Hunt, William F. Jarred, Dewarren Johnson, Devon P. Jones, Niguel Jones, William T. Juarbe, Dan Kathol, Timothy A. Kimler, Charles Kirkman, Danny Knight, Daniel Larson, Ronald Law, Brent Legg, Chad A. Lehman, Isaac L'Esperance, Charles Loftus, Warren E. Lovato, Jeffery Loveall, Danny J. Martinez, Barrington N. McIntosh, James McPherson, Lonnie Morisch, Frederick J. Morris, William Morris, Matt L. Murdock, Thomas Nichol, Ross Nuanes, Fanoalii Oto, Scott Padilla, David Pekkala, Donald J. Perkins, Steve Pickett, Mitch Pino, Ron L. Raile, Jimmy L. Ramseyer, Kyle W. Rawlings, Bo Redhawk, Kenneth C. Reed, Dennis Rohrbach, Tommy J. Romero, Larry D. Ronne–Stombaugh, Richard Ronquillo, Fabrizio Rosero, Kenneth Schwartz, Mark Serratore, Jay Silva, Forrest Sims, Brian Skinner, Herbert Smith, Travis Smith, Charles J. Smythe, III, Curtis Solomon, Karvelas Stevens, David Suddarth, Clifford Short, Shawn Swenson, Anthony L. Tannahill, Richard Templeton, Jason Tontegode, Robert Toulouse, Brian Towne, Rocky Trujillo, Larry R. Turner, Hilario A. Vasquez, Benjamin M. Velarde, Harminder Virk, Michael P. Wainscott, Lucas Walters, Jay Ward, James Wayne, Gary Wescott, Thomas West, Gregory White, Ricky Williams, Rudolph Williams, Jeremy M. Willison, Ty Wilshusen, Arnold Wyrick, Carl F. Yens, Plaintiffs–Appellants,

v.

CORRECTIONS CORPORATION OF AMERICA, Defendant–Appellee.

No. 11CA1505.

Colorado Court of Appeals, Div. A.

Sept. 15, 2011.

Trine & Metcalf, P.C., William A. Trine, Boulder, Colorado; Cheryl L. Trine Law Firm, LLC, Cheryl L. Trine, Boulder, Colorado; Deborah Taussig, LLC, Deborah Taussig, Boulder, Colorado, for Plaintiffs–Appellants.

Hall & Evans, LLC, Andrew D. Ringel, Gillian Dale, Edmund M. Kennedy, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge WEBB.

Plaintiffs petition under C.A.R. 4.2 and section 13–4–102.1, C.R.S.2011, for interlocutory review of the trial court's order denying their motion to compel defendant, Corrections Corporation of America (CCA), to provide them with electronic copies of their deposition transcripts so that they can review and correct the transcripts under C.R.C.P. 30(e). We conclude that the question of law presented in this order is not controlling, and therefore deny the petition.

## I. Background

Plaintiffs, 201 present and former inmates of the Crowley County Correctional Facility, seek damages for injuries suffered during a riot in which they did not participate. They allege that CCA, as owner and operator of the facility, was negligent in not preventing or controlling the riot.

CCA has deposed 118 of the plaintiffs and has stated its intention to depose the remainder. During each deposition, the deponent reserved the right to review the transcript and make corrections. CCA has begun purchasing transcripts of these depositions. Along with the original and one copy of each transcript purchased, the court reporters have provided CCA with an electronic copy.

Before the trial court, plaintiffs asserted that they are indigent and thus unable to purchase deposition transcripts to review. The approximately 170 plaintiffs who either remain incarcerated, some out of state, or are in halfway houses, further asserted that they cannot travel to court reporters' offices to review transcripts and make corrections. Solely for purposes of this opinion, we accept these assertions, which CCA did not challenge below.

Based on these assertions, plaintiffs moved the trial court for an order stating that CCA must provide each deponent with an electronic copy of each transcript that it has purchased or will purchase to enable the deponent to review his or her testimony and make corrections pursuant to C.R.C.P. 30(e). The court denied the motion, explaining, "[T]his is clearly a money issue and this Court will not take the work product from the reporter."

Plaintiffs then moved the trial court for an order authorizing a petition for interlocutory appeal of this ruling. Over CCA's opposition, the court certified the appeal. It found that the ruling involved a controlling question of law, the resolution of which would promote a more orderly disposition of motion practice involving depositions as well as use of depositions at trial.

## II. Law

In 2010, the General Assembly enacted section 13–4–102.1, which provides:

(1) The court of appeals, under rules promulgated by the Colorado supreme court, may permit an interlocutory appeal of a certified question of law in a civil matter from a district court or the probate court of the city and county of Denver if:

(a) The trial court certifies that immediate review may promote a more orderly disposition or establish a final disposition of the litigation; and

(b) The order involves a controlling and unresolved question of law.

(2) A majority of the judges who are in regular active service on the court of appeals and who are not disqualified may, if approved by rules promulgated by the Colorado supreme court, order that an interlocutory appeal permitted by the court of appeals be heard or reheard by the court of appeals en banc.

To implement the statute, in 2011, our supreme court adopted C.A.R. 4.2, which defines an "unresolved question of law," but otherwise tracks the statute's operative language.

■ No reported appellate decision has addressed either the statute or the rule. Some of the language in our statute is similar to the federal interlocutory appeal statute, 28 U.S.C. § 1292(b).[1] When a federal law is similar to a Colorado statute, federal cases may be useful, although not determinative, in analyzing comparable language in the Colorado provision. *See, e.g., Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n. 3 (Colo.1982). Several states also have such statutes.[2]

■ Initially, we conclude that we need not defer to the trial court's findings regarding the propriety of an interlocutory appeal. Under both the rule and the statute, this court, in its discretion, "may" order that an interlocutory appeal be heard. *See Larry H. Miller Corp.–Denver v. Urban Drainage & Flood Control Dist.*, 64 P.3d 941, 946 (Colo. App.2003) ("[T]he General Assembly's use of

---

1. Section 1292(b) provides that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

2. Alabama, California, the District of Columbia, Illinois, Indiana, Kansas, New Mexico, Oregon, Pennsylvania, Texas, Vermont, and Virginia are similar to Colorado in that they only allow discretionary interlocutory appeals if the ruling being appealed involves a "question of law." *See* Ala. R.App. P. 5(a); Cal.Civ.Proc.Code § 166.1 (West 2011); D.C.Code § 11–721(d) (2011); Ill. S.Ct. R. 308(a); Ind. R.App. P. 14(B)(c); Kan. Stat. Ann. § 60–2102(c) (2011); N.M. Stat. Ann. 39–3–4(A) (2011); Or.Rev.Stat. § 19.225 (2011); 42 Pa. Cons.Stat. § 702(b) (2011); Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d) (West 2011); Vt. R.App. P. 5.1(a); Va.Code Ann. § 8.01–267.8(B) (2011). Some states, such as Colorado, require the question of law to be "controlling," *e.g.*, N.M. Stat. Ann. 39–3–4(A) (2011), while others require it to be "substantial," *see* Ind. R.App. P. 14(B)(c). Illinois, however, requires neither. *See* Ill. S.Ct. R. 308(a).

the term 'may' is indicative of a discretionary power to choose among alternatives.").[3]

Next, we consider whether interlocutory appeals of discovery orders should uniformly be disallowed. How federal courts of appeals have treated such interlocutory appeals is informative, although not binding.

▓▓▓▓ Where the appeal would address only whether the trial court had abused its discretion in a discovery matter, interlocu-

tory review is generally not allowed.[4] In contrast, where a discovery order presents a question of law, such as the availability of a corporation's attorney-client privilege in litigation against its shareholders, interlocutory review is occasionally granted.[5] Because this distinction is consistent with the language of our statute and C.A.R. 4.2, we apply it here, in lieu of the more variable case law among states having similar statutes.[6]

---

**3.** Cases interpreting the federal statute uniformly hold that the decision to accept an interlocutory appeal rests in the sole discretion of the appellate court. *See, e.g., OFS Fitel, LLC v. Epstein, Becker & Green, P.C.,* 549 F.3d 1344, 1358 (11th Cir. 2008) ("§ 1292(b) certification is wholly discretionary with both the district court and this Court."); *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n. 6 (9th Cir.2002) ("Even where the district court makes ... a certification [under 28 U.S.C. § 1292(b) ], the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently."); *In re Convertible Rowing Exerciser Patent Litig.,* 903 F.2d 822, 822 (Fed.Cir.1990) (legislative history of 28 U.S.C. § 1292(b) makes clear that "the ultimate determination concerning the right of appeal is within the discretion of the appropriate circuit court of appeals").

**4.** *Garner v. Wolfinbarger,* 430 F.2d 1093, 1097 (5th Cir.1970). *See also White v. Nix,* 43 F.3d 374, 377 (8th Cir.1994) (concluding that interlocutory review under section 1292(b) was inappropriate because the "issue presented by appellants is merely whether the district court abused its discretion in ordering production of the files"; "The discretionary nature of discovery issues has led at least one court to conclude that discovery orders generally will never involve a controlling question of law."); *Simon v. G.D. Searle & Co.,* 816 F.2d 397, 399–400 (8th Cir.1987) (quoting *Moore's Federal Practice* for the proposition that "review for abuse of discretion not suited to section 1292(b) because there is no controlling question of law"); *Comm. for Nuclear Responsibility, Inc. v. Seaborg,* 463 F.2d 796, 799 (D.C.Cir.1971) (declining to review under 28 U.S.C. § 1292(b) the district court's order withholding certain documents from discovery because "[w]hat is now involved on review is not so much a matter of stating controlling [legal] principles as reviewing their application"); *United States v. Salter,* 421 F.2d 1393, 1394 (1st Cir. 1970) (declining to entertain an interlocutory appeal under section 1292(b) because "the only question is the admissibility of certain evidence on a legally relevant ... issue").

**5.** *See, e.g., Kimberly–Clark Worldwide, Inc. v. First Quality Baby Prods., LLC,* 407 Fed.Appx. 431, 431 (Fed.Cir.2011) (granting a petition for an interlocutory appeal under 28 U.S.C. § 1292(b) of the district court's decision that

documents arising from "mediation" proceedings but not "arbitration" proceedings were privileged under the "federal mediation privilege"); *In re City of New York,* 607 F.3d 923, 933 (2d Cir.2010) (noting that in *Mohawk Industries, Inc. v. Carpenter,* — U.S. ——, 130 S.Ct. 599, 607, 175 L.Ed.2d 458 (2009), the Supreme Court recognized that interlocutory review of some discovery orders might be appropriate under 28 U.S.C. § 1292(b)); *Mosley v. Beasley,* 49 Fed.Appx. 166, 166 (9th Cir.2002) ("The Court of Appeals does not normally review discovery rulings on interlocutory appeal, absent certification by the district court pursuant to 28 U.S.C. 1292(b).") (*citing James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n. 6 (9th Cir.2002)); *Simon v. G.D. Searle & Co.,* 816 F.2d 397, 404 (8th Cir.1987) (granting without discussion and then deciding an interlocutory appeal under 28 U.S.C. § 1292(b) regarding whether Fed.R.Civ.P. 26(b)(2) limits discovery of certain documents); *Am. Express Warehousing, Ltd. v. Transamerica Ins. Co.,* 380 F.2d 277, 282 (2d Cir.1967) ("When a discovery question is of extraordinary significance or there is extreme need for reversal of the district court's mandate before the case goes to judgment, there are escape hatches from the finality rule: a certification by the district court under 28 U.S.C. 1292(b).....").

**6.** *See, e.g., Kingsley v. Sachitano,* 783 So.2d 824, 828 (Ala.2000) (addressing an interlocutory appeal regarding whether the district court abused its discretion in denying discovery of peer-review documents based on a statutory privilege); *Airgas Mid–America, Inc. v. Long,* 812 N.E.2d 842, 844–46 (Ind.Ct.App.2004) (reviewing an interlocutory appeal under Rule 14(B) regarding "whether the trial court abused its discretion by granting [a] motion to quash [plaintiff's] subpoena duces tecum to [a certified public accountant] based upon the accountant-client privilege"). Despite looking to federal jurisprudence for guidance, *see, e.g., Pearson v. Philip Morris, Inc.,* 208 Or.App. 501, 504, 145 P.3d 298 (Or.Ct.App.2006) ("Because ORS 19.225 is modeled on 28 U.S.C. section 1292(b), we assume that the legislature intended to incorporate interpretations of that provision existing at the time that the Oregon statute was enacted."), some state courts have addressed purely discretionary issues on interlocutory appeal. *E.g., Safeco Ins. Co. of Am. v.*

## III. Application

### A. Unresolved Question of Law

The order before us involves the interplay among C.R.C.P. 30(b)(2), 30(e), and 30(f)(2).

- C.R.C.P. 30(b)(2) provides: "Unless the court otherwise orders, the party taking the deposition shall bear the cost of the recording."
- C.R.C.P. 30(e) provides that upon request, the court reporter must notify the deponent that the transcript is available. "Within 30 days of receipt of such notification the deponent shall review the transcript or recording and, if the deponent makes changes in the form or substance of the deposition, shall sign a statement reciting such changes and the deponent's reasons for making them and send such statement to the officer."
- Rule 30(f)(2) provides: "Upon payment of reasonable charges therefor, the officer shall furnish a copy of the transcript ... to any party or to the deponent."

Plaintiffs assert that the controlling and unresolved legal question is: "Are plaintiffs entitled to obtain electronic copies of their depositions from CCA at no charge, as an exception to the rule that a party must obtain copies of deposition transcripts directly from the court reporter?" Thus, if they are correct, the right to review and make changes trumps the obligation to pay before receiving—or at least having access to—a copy of the transcript. But plaintiffs do not assert that these rules afford the trial court discretion to grant the relief they request.

■ The Colorado Rules of Civil Procedure are subject to the same principles that govern statutory interpretation. *People v. Shell,* 148 P.3d 162, 178 (Colo.2006). We review matters of statutory interpretation de novo. *See, e.g., People v. Trupp,* 51 P.3d 985, 987–88 (Colo.2002).

While plaintiffs argue that dicta in *Schroer v. United States,* 250 F.R.D. 531, 535 (D.Colo.2008), supports their position, they acknowledge the absence of any reported Colorado appellate case on the issue. Below, in opposing plaintiffs' motion, CCA did not identify any such case. Nor have we found one.

Therefore, unlike most discovery rulings, we conclude that plaintiffs' petition raises an unresolved question of law rather than an exercise of trial court discretion. However, while such a question is a necessary condition to interlocutory review, alone it is not sufficient because the question of law must also be "controlling."

### B. Controlling

■ According to Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2006, at 31 (1970 & Supp.1985), "Ordinarily it is difficult to believe that a discovery order will present a controlling question of law."[7] Hence, because this petition presents only a discovery ruling, and the case law of states to which we might look is diverse,[8] we need not

---

*Superior Court,* 173 Cal.App.4th 814, 92 Cal. Rptr.3d 814, 822–23 (2009) (reviewing on interlocutory appeal whether the district court abused its discretion in allowing pre-class certification discovery after addressing a related legal question).

**7.** *See, e.g., Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1118 n. 14 (3d Cir.1986) (an order amending a protective order "is certainly not of the pivotal nature required for certification" of an appeal from the order under section 1292(b)); *Evanson v. Union Oil Co. of Cal.,* 619 F.2d 72, 74 (Temp.Emer.Ct.App.1980) (allowing interlocutory appeals of discovery orders that can be reviewed on direct appeal from a final judgment would "(authorize) indiscriminate interlocutory review of decisions made by the trial judge"); *United States v. Salter,* 421 F.2d 1393, 1394 (1st Cir.1970) (the admissibility of certain evidence on a legally relevant issue is not a controlling question of law); *United States v. Woodbury,* 263 F.2d 784, 787–88 (9th Cir.1959) (question of whether the government could claim privilege as a valid reason for its refusal to disclose certain documents did not involve controlling issues of law); *Handgards, Inc. v. Johnson & Johnson,* 413 F.Supp. 926, 933 (N.D.Cal.1976) (order requiring a party to produce documents over a claim of privilege did not involve a controlling question of law and an immediate appeal from the order would not materially advance the ultimate termination of the litigation); *Ostow & Jacobs, Inc. v. Morgan–Jones, Inc.,* 181 F.Supp. 208, 218 (S.D.N.Y.1960) (orders vacating a subpoena and notices for taking depositions presented no controlling questions of law).

**8.** Appellate courts in those states that require the "question of law" to be controlling have not developed a single definition of "controlling" to

establish a comprehensive definition of "controlling."

Instead, we note that the order being challenged does not share any attributes of the "rare case where the issue presented in the context of discovery ... involves a controlling question of law." [9] For example, plaintiffs do not present an issue of "widespread public interest." [10] Nor do they identify parallel litigation that would be impacted by an interlocutory ruling.[11] And we do not discern any "extraordinary facts." [12]

Therefore, we further conclude that the legal issue presented is not controlling.

### C. C.A.R. 21

Plaintiffs urge us to accept this appeal based on decisions of our supreme court reviewing discovery disputes under C.A.R. 21. *See, e.g., Stone v. State Farm Mut. Auto. Ins. Co.,* 185 P.3d 150, 152 (Colo.2008) (order that petitioner execute authorizations for the release of her tax records as part of discovery). Such cases are inapposite for three reasons.

First, C.A.R. 4.2(g) states, in part, "No provision of this rule limits the jurisdiction of the Supreme Court under C.A.R. 21." This language makes clear that C.A.R. 4.2 is not meant to act as a substitute for C.A.R. 21 review.

be applied in all cases when deciding whether to entertain an interlocutory appeal certified by the district court. Rather, appellate courts appear to determine what constitutes "controlling" based on the nature and circumstances of the order being appealed. *See, e.g., First Ala. Bank of Montgomery, N.A. v. Martin,* 381 So.2d 32, 34–35 (Ala.1980) (refusing to review a class action certification decision via interlocutory appeal because such decisions "rest largely within the discretion of the trial court" and thus do not present a "controlling question of law," but noting that "if it appears that the trial court arbitrarily refused to apply the criteria enunciated in ARCP 23 to the facts of a particular case [we would] be inclined to permit an interlocutory appeal from the order granting class certification"); *Bridgestone Ams. Holding, Inc. v. Mayberry,* 854 N.E.2d 355, 358–61 (Ind.Ct.App.2006), reversed on other grounds, 878 N.E.2d 189 (Ind. 2007) (reviewing an interlocutory appeal under Rule 14(b) regarding whether the district court abused its discretion in compelling discovery of defendant's "highly proprietary skin stock formu-

Second, many of these opinions note that the harm from the ruling would not be correctable on appeal. *See, e.g., In re Attorney D.,* 57 P.3d 395, 398 (Colo.2002) ("Relief pursuant to C.A.R. 21 is appropriate to correct an abuse of discretion by a lower court where no other remedy would be adequate. Although challenges to discovery rulings are typically the subject of an appeal, it can be appropriate to review discovery orders interlocutorily, by way of original proceeding, where the impact of the ruling would be substantial and incurable at a later time.") (internal citations omitted). This consideration is not set forth in either section 13–4–102.1 or C.A.R. 4.2. Nor do plaintiffs make this argument.

Third, review under C.A.R. 21 is not subject to the "controlling and unresolved question of law" limitations set forth in section 13–4–102.1 and C.A.R. 4.2. Rather, the supreme court exercises original jurisdiction under C.A.R. 21 as a matter of its sole discretion. *People v. Day,* 230 P.3d 1194, 1196 (Colo.2010).

### IV. Conclusion

The petition is denied and the appeal is dismissed.

Judge GABRIEL concurs.

Judge TERRY specially concurs.

la," which it contended should be protected as a trade secret); *Gingrich v. Sandia Corp.,* 142 N.M. 359, 165 P.3d 1135, 1137–38 (Ct.App.2007) (reviewing interlocutory appeal regarding whether the district court erred by compelling production of materials after finding a waiver of both the attorney-client privilege and work product immunity).

**9.** *Hyde Constr. Co. v. Koehring Co.,* 455 F.2d 337, 338–39 (5th Cir.1972).

**10.** *Radiant Burners, Inc. v. American Gas Ass'n,* 320 F.2d 314, 317 (7th Cir.1963) (ability of corporation to assert attorney-client privilege).

**11.** *In re Showa Denko K.K. L-Tryptophan Products Liability Litigation–II,* 953 F.2d 162, 165 (4th Cir.1992) (allowing interlocutory review where "the impact of [the discovery order] is magnified because of its purported applicability to hundreds of litigants and claimants").

**12.** *White,* 43 F.3d at 378 n. 3.

Judge TERRY specially concurring.

I concur in the majority's result and reasoning. I write separately to address the requirements for certification and acceptance of an interlocutory appeal in a civil case under Colorado's new civil interlocutory appeal rule.

Under C.A.R. 4.2(b)(1)-(2), three prongs must be met before a trial court may certify, and the court of appeals may accept, interlocutory review of an order in a civil case:

(1) Immediate review of the order may promote a more orderly disposition or establish a final disposition of the litigation; *and*

(2) the order involves a controlling question of law; *and*

(3) the controlling question of law is also an unresolved question of law.

C.A.R. 4.2(b)(1)-(2); *see also* § 13–4–102.1(1)(a)–(b), C.R.S.2011.

The majority's opinion addresses only the second and third of these requirements, namely, whether the trial court's order involves a controlling question of law and whether that question is unresolved. The fact that any one of these prongs cannot be satisfied here justifies denial of the petition, without regard to whether the others can be met.

Trial courts considering certification of orders under C.A.R. 4.2 should be cognizant of each of these three prongs, and should specifically address each of them in any order granting certification. Future petitioners should also separately address each prong in their petitions.