**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 23, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-30118
_____

TRUDY MALBROUGH,

                                        Plaintiff - Appellee,

                        versus

CROWN EQUIPMENT CORP.,

                                        Defendant - Appellant.
_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Trudy Malbrough suffered a crippling injury while operating a forklift manufactured by Crown Equipment Corporation. She brought suit against Crown under the Louisiana Products Liability Act ("LPLA") alleging a defect in the design of the forklift. Crown filed a motion in limine to exclude Malbrough's expert witness on the design defect issue. The district court granted the motion to exclude, but denied Crown's motion for summary judgment.

Crown received permission from the district court to appeal the interlocutory order denying summary judgment. We granted leave to appeal, under our authority under 28 U.S.C. § 1292(b). Having reviewed the issue raised in Crown's petition, we find no reversible error and therefore AFFIRM.

Trudy Malbrough was injured while operating a Crown "stand-up" forklift at the Wal-Mart warehouse distribution center where she worked. The injury occurred when Malbrough, in an effort to avoid a collision with another forklift, applied her brakes, causing her left foot to swing out of the unenclosed operator compartment and be crushed between the two machines as they collided.

Malbrough brought suit against Crown under the LPLA, claiming that the lack of a door to the operator compartment of the stand-up forklift constitutes a design defect. Malbrough intended to present expert testimony on the design defect issue at trial, but the district court granted Crown's motion in limine to exclude her expert witness "due to [Malbrough]'s ... failure to timely meet discovery deadlines". Crown then moved for summary judgment, arguing that the LPLA requires expert testimony in order to make out a prima facie case of defective design. The district court, however, denied Crown's motion, concluding that an unassisted trier-of-fact would be capable of understanding whether a door should have been incorporated into the forklift.

Crown filed a motion for reconsideration, or in the alternative, to appeal the denial of its motion for summary judgment. The district court denied the motion for reconsideration, but granted permission to appeal. In its order, the district court observed that "Crown's motion for summary

judgment involves a 'controlling question of law'", but did not specify the precise legal question it was certifying for interlocutory review. This court nonetheless granted Crown's petition for leave to appeal from the district court's interlocutory order denying summary judgment.

II

We review the denial of summary judgment de novo. Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988). We emphasize, however, the limited scope of our review. This court's appellate jurisdiction under § 1292(b) extends only to interlocutory orders that involve a "controlling question of law". The underlying issue of whether Malbrough has presented sufficient evidence to show a "genuine issue ... [of] material fact", and thus avoid summary judgment under FED. R. CIV. P. 56(c), is not a question of law within the meaning of § 1292(b). See Ahrenholz v. Board of Trustees of University of Illinois, 219 F.3d 674, 676-77 (7th Cir. 2000). As such, although the district court's order granted Crown general permission to "appeal the denial of ... summary judgment", our review is limited to the narrow question of statutory interpretation raised by Crown in both its brief before us and its memorandum in support of the motion for summary judgment.

Crown asserts that the controlling question of law in this case is whether "[t]he Louisiana Products Liability Act requires Plaintiff to put forth expert testimony in support of her design

3

defect claim against Crown". Put more precisely as a purely legal question, Crown's argument is that, as a matter of statutory interpretation, the LPLA requires expert testimony in every instance in which a design defect is alleged. We are unable to agree.

First, and most significantly, the plain language of the LPLA does not support Crown's position. The LPLA requires that a plaintiff advancing a design defect claim show, inter alia, that "[t]he likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product". LA. REV. STAT. ANN. § 9:2800.56. No language or provision of the statute requires that a cause of action alleging a design defect must, as a matter of law, be supported by expert testimony. To the extent the statute allocates burdens of proof or production, it simply states that "[t]he claimant has the burden of proving the elements of [his or her claim]". LA. REV. STAT. ANN. § 9:2800.54.

It is therefore unsurprising that Louisiana case law does not support Crown's reading of the statute. None of the Louisiana cases cited by Crown suggests that a plaintiff must always prove

4

her prima facie design defect case with expert testimony and may never rely on lay testimony alone.[1]

This lack of Louisiana authority is reflected in Lavespere v. Niagara Machine & Tool Works, Inc., where we remarked that the LPLA does not mandate "that the plaintiff ... in every case, introduce evidence that details and quantifies the risk avoided and the burden incurred" in order to present a prima facie case of defective design. 910 F.2d 167, 184 (5th Cir. 1990). We further observed that "there may be cases in which the judge or jury, by relying on background knowledge and 'common sense,' can 'fill in the gaps' in the plaintiff's case" and thus undertake the utility balancing required by the LPLA without the aid of expert testimony.[2] Id.

Although, given the record thus far made, it may be difficult or impossible for this case to be successfully tried without plaintiff's expert testimony, we have no jurisdiction on interlocutory appeal to review the district court's weighing of the

---

[1] To be sure, in each case cited by Crown, expert testimony proved essential to the final disposition. Crown argues that, because "not one" of these cases "d[id] not require expert testimony", we should interpret them as supporting the proposition that the LPLA requires expert testimony in all design defect cases. Crown's argument must be rejected as a matter of simple logic. One cannot infer from the widespread use of expert testimony that the LPLA mandates such testimony in every design defect case.

[2] Crown argues that both statements in Lavespere are dicta. We do not rely on those statements for controlling authority; in any event, we leave that issue for another day.

5

evidence.  Consequently, we hold that the district court did not err in refusing to recognize a per se requirement of expert testimony in all design defect cases under the LPLA.

## III

For the reasons set forth above, the order of the district court is

AFFIRMED.