TOMAR DEVELOPMENT, INC., a Kansas corporation; Danny Damyanovich; and Karen Damyanovich, Plaintiffs–Appellants,

v.

BENT TREE, LLC, a Colorado limited liability company; Mulligan, LLC, a Colorado limited liability company; and Colorado Capital Bank, Defendants–Appellees.

No. 11CA1847.

Colorado Court of Appeals.

Oct. 27, 2011.

San Luis Valley Law Firm, Matthew K. Hobbs, Monte Vista, Colorado; Anna N.H. Ulrich, Attorney at Law, LLC, Anna N.H. Ulrich, South Fork, Colorado, for Plaintiff–Appellant Tomar Development, Inc.

Flanders, Elsberg, Nash, Herber & Dunn, LLC, Scott W. Dunn, Crystal M. Merlau, Longmont, Colorado, for Plaintiffs–Appellants Danny Damyanovich and Karen Damyanovich.

Johnson & Repucci, LLP, Michael J. Repucci, Helaine Resnick Smith, Diana C. Fields, Boulder, Colorado, for Defendants–Appellees Bent Tree, LLC and Mulligan, LLC.

Jones & Keller, P.C., Mark J. Kolber, Englewood, Colorado, for Defendant–Appellee Colorado Capital Bank.

---

Opinion by Judge GABRIEL.

Pursuant to C.A.R. 4.2, plaintiffs, Tomar Development, Inc., Danny Damyanovich, and Karen Damyanovich, petition this court for interlocutory review of several district court orders. In these orders, the district court held, in pertinent part, that the Colorado appellate courts would likely adopt the partial, rather than the complete, subordination approach in the context of circular lien priorities, and this determination resulted in the dismissal of certain of plaintiffs' claims. We conclude that the record is insufficient to allow us to determine either that (1) our immediate review may promote a more orderly disposition of this litigation, or (2) the orders appealed from involve controlling questions of law. Accordingly, we deny the petition.

## I. Background

This case involves a complex series of loans, deeds of trust, and subordination agreements concerning real property located in Chaffee County. For present purposes, however, we need recite only the following:

Defendant Colorado Capital Bank (CCB) held two deeds of trust on the real property at issue, and plaintiffs held deeds of trust on the same property. The first CCB deed of trust was senior to plaintiffs' deeds of trust, and plaintiffs' deeds of trust were senior to the second CCB deed of trust. CCB and defendants Bent Tree, LLC and Mulligan, LLC entered into a subordination agreement (the Bent Tree subordination agreement) that unconditionally subordinated CCB's first deed of trust to CCB's second deed of trust. Bent Tree subsequently foreclosed on the first CCB deed of trust, and litigation ensued, with the parties asserting numerous claims, counterclaims, cross-claims, and third-party claims.

As pertinent here, plaintiffs sought a declaratory judgment of their lien priority based on their view of applicable subordination principles, and Tomar also sought a declaratory judgment of its lien priority based on equitable principles. Defendants moved to dismiss these claims, arguing, among other things, that the so-called partial subordination approach should apply here. Under

that approach, a subordinating creditor is viewed as having effectively assigned its higher priority to the holder of a junior lien. Thus, defendants argued that after the Bent Tree subordination agreement was signed, the lien priorities were (1) the second CCB deed of trust; (2) the first CCB deed of trust; and (3) plaintiffs' deeds of trust. See generally George A. Nation, *Circuity of Liens Arising from Subordination Agreements: Comforting Unanimity No More,* 83 B.U. L.Rev. 591, 593–94 (2003) (explaining the partial subordination approach). Based on those priorities, defendants asserted that Bent Tree's foreclosure on the first CCB deed of trust extinguished all liens junior to it, including those of plaintiffs.

Plaintiffs responded that the so-called complete subordination approach should apply. Under this approach, the subordinated lien takes the position in line below the lien to which it was subordinated, resulting in the intervening liens' having a higher priority than they originally enjoyed. See id. at 593 (explaining the complete subordination approach). Thus, in plaintiffs' view, after the Bent Tree subordination agreement was signed, the lien priorities were (1) plaintiffs' deeds of trust; (2) the second CCB deed of trust; and (3) the first CCB deed of trust. Under this analysis, because plaintiffs' liens were not junior to the first CCB deed of trust, Bent Tree's foreclosure of that deed of trust did not extinguish plaintiffs' liens.

The district court dismissed plaintiffs' request for declaratory relief based on the complete subordination approach, concluding that the Colorado appellate courts would most likely adopt the partial subordination approach. The court, however, stated that plaintiffs could amend their pleadings to attempt to state claims for declaratory relief relating to lien priorities based on other theories. The court also denied defendants' motion to dismiss Tomar's claim for a declaratory judgment of its lien priority based on equitable principles, stating that the court could not conclude, at the pleading stage, that Tomar would be unable to prove a set of facts that would entitle it to the requested judgment.

Thereafter, the parties in the district court filed, and the district court granted, a stipulated motion for interlocutory appeal pursuant to C.A.R. 4.2. Plaintiffs now seek interlocutory review pursuant to that rule.

## II. Discussion

C.A.R. 4.2 provides, in pertinent part:

(a) Discretionary Interlocutory Appeals. Upon certification by the trial court, or stipulation of all parties, the court of appeals may, in its discretion, allow an interlocutory appeal of an order in a civil action. . . .

(b) Grounds for Granting Interlocutory Appeal. Grounds for certifying and allowing an interlocutory appeal are:

(1) Where immediate review may promote a more orderly disposition or establish a final disposition of the litigation; and

(2) The order involves a controlling and unresolved question of law. For purposes of this rule, an "unresolved question of law" is a question that has not been resolved by the Colorado Supreme Court or determined in a published decision of the Colorado Court of Appeals, or a question of federal law that has not been resolved by the United States Supreme Court.

■ Accordingly, in our discretion, we may grant an interlocutory appeal when (1) immediate review may promote a more orderly disposition or establish a final disposition of the litigation, (2) the order from which an appeal is sought involves a controlling question of law, and (3) the order from which an appeal is sought involves an unresolved question of law. *See Adams v. Corrections Corp. of America,* 264 P.3d 640, 647 (Colo. App.2011) (Terry, J., specially concurring).

■ Here, the question of whether Colorado follows the complete or partial subordination approach appears to be an issue of first impression. Thus, the orders at issue appear to involve an unresolved question of law. On the record before us, however, we cannot conclude either that immediate review may promote a more orderly disposition or establish a final disposition of the litigation or that the question presented is controlling. *See id.*

at —— n. 8 (noting that appellate courts in those states that require the question of law to be "controlling" have not developed a single definition of that term, but rather appear to have determined what is "controlling" based on the nature and circumstances of the order being appealed). Specifically, although plaintiffs make conclusory assertions that immediate review may promote a more orderly disposition of the litigation and that the issue presented involves a controlling question of law, they do not explain how this is so, and the record suggests otherwise.

For example, as noted above, this litigation involves numerous claims, counterclaims, cross-claims, and third-party claims, including claims for damages and claims that do not appear to involve the question of complete versus partial subordination. As a result, we do not see why our accepting the proposed interlocutory appeal would promote a more orderly or final disposition of the litigation or how the question presented is controlling. To the contrary, the record makes clear that the district court will need to consider the myriad of other pending claims, counterclaims, crossclaims, and third-party claims. Accordingly, we perceive no particular economy to the trial court or the parties were we to accept this interlocutory appeal and resolve the issue of complete versus partial subordination.

In addition, as also noted above, the district court indicated that it would grant plaintiffs leave to amend to assert other theories in support of their claim for a declaratory judgment of lien priority. For this reason as well, we do not perceive how our accepting this interlocutory appeal and resolving the issue presented would promote a more orderly or final disposition of this litigation. Regardless of what we might decide, plaintiffs could assert new claims to attempt to achieve the very lien priority that they are seeking to establish as a matter of law under the complete subordination approach.

Finally, the district court denied defendants' motion to dismiss Tomar's claim for a declaratory judgment of lien priority based

on equitable theories. Were Tomar to prevail on this claim, it would achieve the same result that it was seeking in its claim for a declaratory judgment of lien priority based on complete subordination, thereby mooting the latter claim had we reinstated it. This fact, too, weighs against our determining that the question of complete versus partial subordination is either controlling or likely to promote a more orderly or final disposition of this case.

### III. Conclusion

For these reasons, the petition is denied, and the appeal is dismissed.

Judge CASEBOLT and Judge WEBB concur.