Barbara WAHRMAN, Plaintiff–
Petitioner,

v.

GOLDEN WEST REALTY, INC., and
Kathleen Smith, Defendants–
Respondents.

No. 11CA2231.

Colorado Court of Appeals,
Div. A.

Dec. 8, 2011.

Richard C. Cornish, Englewood, Colorado, for Plaintiff–Petitioner.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Melissa R. Liff, Golden, Colorado, for Defendants–Respondents.

Opinion by Judge WEBB.

In this dispute over management of a residential rental property, Barbara Wahrman, the owner and landlord, petitions under C.A.R. 4.2 for interlocutory review of the district court's order that the economic loss rule barred her breach of fiduciary duty and negligence claims against defendants, Golden

---

* Sitting by assignment of the Chief Justice under
provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2011.

West Realty, Inc., and Kathleen Smith. The petition does not explain why this order involves a controlling question of law, and we conclude that the record refutes Wahrman's assertion that immediate review may promote a more orderly disposition of this litigation. Therefore, we deny the petition.

## I. Background

Defendants acted as Wahrman's broker in leasing and managing her property. According to Wahrman, the tenants significantly damaged the property, during and in connection with termination of the tenancy. She alleges that defendants are liable for this damage because they: obtained an adverse credit report on the tenants, but failed to inform Wahrman; inspected the property, but failed to note the damage; "consented to various violations of the lease"; and advocated on the tenants' behalf, "against the interests of Wahrman." Based on these allegations, Wahrman asserted claims for breach of contract, breach of fiduciary duty, and negligence.

On defendants' Motion for Determination of Question of Law, the trial court requested briefing on the economic loss rule. The court held that this rule barred the breach of fiduciary duty and negligence claims. It granted Wahrman's Motion for Interlocutory Appeal, without making any findings.

## II. Law

C.A.R. 4.2 provides, in pertinent part:

(a) Discretionary Interlocutory Appeals. Upon certification by the trial court, or stipulation of all parties, the court of appeals may, in its discretion, allow an interlocutory appeal of an order in a civil action. . . .

(b) Grounds for Granting Interlocutory Appeal. Grounds for certifying and allowing an interlocutory appeal are:

(1) Where immediate review may promote a more orderly disposition or establish a final disposition of the litigation; and

(2) The order involves a controlling and unresolved question of law. For purposes of this rule, an "unresolved question of law" is a question that has not been re-

solved by the Colorado Supreme Court or determined in a published decision of the Colorado Court of Appeals, or a question of federal law that has not been resolved by the United States Supreme Court.

■ Thus, we may grant an interlocutory appeal when (1) immediate review may promote a more orderly disposition or establish a final disposition of the litigation, (2) the order from which an appeal is sought involves a controlling question of law, and (3) the order from which an appeal is sought involves an unresolved question of law. *See Tomar Development, Inc. v. Bent Tree, LLC,* 264 P.3d 651, 653 (Colo.App.2011). However, even if all three criteria have been met, whether to accept the appeal remains within our discretion. *Adams v. Corrections Corp. of America,* 264 P.3d 640, 646 n. 8 (Colo.App. 2011).

## III. Application

### A. Controlling and Unresolved Question of Law

■ Here, whether the economic loss rule applies to claims regarding the duties a residential broker owes to a landlord appears to be a question of first impression in Colorado. Thus, we will assume that the order at issue involves an unresolved question of law.

However, Wahrman's petition does not offer a definition of "controlling." *See Adams,* 264 P.3d at 646 n. 8 (noting that appellate courts in those states that require the question of law to be "controlling" have not developed a single definition of that term, but rather appear to have determined what is "controlling" based on the nature and circumstances of the order being appealed). Nor does it explain why the economic loss question is controlling on the particular facts presented. For this reason alone, the petition could be denied. *See, e.g., Taylor v. State Personnel Bd.,* 228 P.3d 273, 279 (Colo. App.2010) (rejecting "contention, made in a conclusory fashion and without argument or citation to any authority").

### B. May Promote a More Orderly Disposition

■ The petition asserts that immediate review may promote a more orderly disposi-

tion of the litigation because "[t]o wait until this litigation concluded would prejudice the parties and could result in a remand after trial; thereby substantially increasing the costs and expenses of the parties." We reject this assertion because the specter of retrial and attendant additional cost arises whenever a pretrial ruling dismisses one or more claims, while leaving another claim or claims to be tried.[1]

Further, the record shows why interlocutory review of the economic loss ruling would not "promote a more orderly disposition" of this litigation. Resolution of this question will not avoid a trial. And whether the case is tried only on the contract claim or on the dismissed claims as well, the evidence of economic loss—damage to the property—will be the same. According to the petition, Wahrman has obtained a judgment against the tenants of $26,839.68, which was discharged in bankruptcy. Likewise, the evidence of defendants' alleged malfeasance— for example, failure to note the damage to the property during inspections or inform Wahrman of tenants' poor credit rating, and acceding to tenants' breaches of the lease— would be the same. Therefore, we conclude that interlocutory resolution of the economic loss question would not promote a more orderly disposition of this litigation.

### IV. Conclusion

The petition is denied, and the appeal is dismissed.

Judge J. JONES and Judge GABRIEL concur.

---

1. Where "there is no just reason for delay," such a ruling may be certifiable as a final judgment under C.R.C.P. 54(b), and thus appealable. Some overlap exists between C.R.C.P. 54(b) and C.A.R. 4.2, but C.A.R. 4.2 imposes additional restrictions.