2012 COA 25

Walter KOWALCHIK and Carolyn Kowalchik, individuals; Marshall T. Riggs and Nancy C. Riggs, individuals; Tract 1, LLC, a Colorado limited liability company; Tract 2, LLC, a Colorado limited liability company; Roger Walker and Suzanne Walker, individuals; Tract 6, LLC, a Colorado limited liability company; Stanley K. Mann and Sharon Cairns Mann, individuals; Joshua Rabinowitz and Gillian Driscoll, individuals; Tract 16, LLC, a Colorado limited liability company; Tract 17, LLC, a Colorado limited liability company; Tract 18, LLC, a Colorado limited liability company; and Tract 19, LLC, a Colorado limited liability company, Plaintiffs–Appellees,

v.

Barbara BROHL, Executive Director, Colorado Department of Revenue, Defendant–Appellant.

No. 11CA2634.

Colorado Court of Appeals, Div. A.

Feb. 2, 2012.

Moye White LLP, Scott P. Greiner, William F. Jones, Dean E. Richardson, Denver, Colorado, for Plaintiffs–Appellees.

John W. Suthers, Attorney General, Melanie J. Snyder, First Assistant Attorney General, Alison K. Blair, Assistant Attorney General, Michael J. Shea, Assistant Attorney General, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

In this taxation dispute involving conservation easement tax credits, defendant, Barbara Brohl, the Executive Director of the Colorado Department of Revenue (DOR), petitions under C.A.R. 4.2 and section 13–4–102.1, C.R.S.2011, for interlocutory review of the trial court's orders holding that taxpayers who purchased conservation easement tax credits (transferees) and claimed those credits against their state income tax liability are not within the statutory definition of "taxpayer" under section 39–22–522(1), C.R.S.2011; have no tax liability for deficiencies, interest, and penalties for the improper claim of a tax credit; need not be joined as necessary parties to this action in accordance with C.R.C.P. 19(a); and may be given notice of this proceeding by mail rather than being personally served under C.R.C.P. 4. We conclude that the order appealed involves controlling and unresolved questions of law and that our immediate review may promote a more orderly disposition of this litigation. Accordingly, we grant the petition for interlocutory appeal, setting forth our reasoning below. A later opinion will address the merits.

## I. Background

¶ 2 In Colorado, a state income tax credit is allowed for a qualifying conservation easement created upon real property owned by a taxpayer that is donated to a governmental entity or charitable organization. § 39–22–522(2), C.R.S.2011. A conservation easement is a permanent restriction that runs with the land for the purpose of protecting and preserving the land in a predominantly natural, scenic, or open condition. *See generally* §§ 38–30.5–101 to –112, C.R.S.2011 (establishing the purposes and requirements for conservation easements in gross).

¶ 3 Generally, a donor taxpayer may assign to transferees all or any portion of the tax credit generated by any donation. § 39–22–522(7), C.R.S.2011. The donor taxpayer may generate only one such tax credit per year. § 39–22–522(6), C.R.S.2011. A transferee taxpayer, however, may purchase credits from an unlimited number of donors and claim an unlimited number of credits against a tax liability. *Id.*

¶ 4 Plaintiffs, Walter and Carolyn Kowalchik, Marshall T. and Nancy C. Riggs, Roger and Suzanne Walker, Stanley K. and Sharon Cairns Mann, Joshua Rabinowitz, Gillian Driscoll, Tract 1 LLC, Tract 2 LLC, Tract 6 LLC, Tract 16 LLC, Tract 17 LLC, Tract 18 LLC, and Tract 19 LLC, are conservation easement donors. In tax years 2005 and 2006, plaintiffs donated fourteen conservation easements over portions of property in Huerfano County, purportedly generating several million dollars worth of state tax credits. Plaintiffs then transferred credits to fifteen

transferees, who claimed the credits on their respective state income tax returns or retained them for use against future tax liability.

¶ 5 Any taxpayer who claims a conservation easement tax credit against any tax liability is liable for deficiencies in tax, interest, or penalty. § 39–22–522(9), C.R.S.2011; DOR Reg. 39–22–522(3)(f), 1 Code Colo. Regs. 201–2. If DOR disallows some or all of a conservation easement tax credit, a notice of disallowance, deficiency, or rejection of refund is sent to the donor of the easement who generated the credit (called a "tax matters representative" (TMR) under section 39–22–522(7)(i), C.R.S.2011), and to any transferee who has used any portion of the tax credit against the tax liability on their return.

¶ 6 DOR disallowed the tax credits at issue here, sent plaintiffs notices disallowing the credits, and provided a notice informing them of the procedures created by section 39–22–522.5, C.R.S.2011, for resolution of tax credit disputes. Plaintiffs, as TMRs under section 39–22–522(7)(i), are "responsible for representing and binding the transferees with respect to all issues affecting the credit, including, but not limited to, the charitable contribution deduction, the appraisal, notifications and correspondence from and with [DOR], audit examinations, assessments or refunds, settlement agreements, and the statute of limitations." Transferees are bound by the final resolution of disputes regarding the tax credit between DOR and the TMR, including judicial decisions. § 39–22–522(7)(j), C.R.S.2011.

¶ 7 In accordance with section 39–22–522.5(2), C.R.S.2011, plaintiffs filed an amended complaint in the district court appealing DOR's disallowance of the tax credits claimed in connection with the fourteen conservation easement donations. Although plaintiffs' tax credit action will result in a judgment determining the tax liability of any transferees who claimed a tax credit, plaintiffs did not join the transferees in the action. DOR moved to dismiss pursuant to C.R.C.P. 12(b)(6) or in the alternative to compel plaintiffs to join the transferees pursuant to C.R.C.P. 19(a).

¶ 8 The trial court denied DOR's motion, holding that the transferees are not necessary parties who must be joined under C.R.C.P. 19(a) and personally served under C.R.C.P. 4. The court allowed plaintiffs to give notice to the transferees by mail.

¶ 9 Following proceedings not relevant here, DOR moved the court to certify its order and several additional legal issues determined therein for interlocutory appeal pursuant to C.A.R. 4.2. The trial court granted the certification motion, stating the following four questions for interlocutory appeal:

(1) Whether transferees are included within the definition of "taxpayer" in section 39–22–522(1);

(2) Whether every taxpayer, including every transferee, is liable for tax deficiencies, interest, and penalties for the improper claim of a conservation tax credit on his or her return pursuant to section 39–22–522(9);

(3) Whether transferees are necessary parties to a conservation easement tax credit appeal under section 39–22–522.5, who must be joined from the outset pursuant to C.R.C.P. 19(a); and

(4) Whether plaintiffs must personally serve their transferees with a summons and the complaint in accordance with C.R.C.P. 4, rather than merely mailing a notice to the transferees of their statutory right to intervene.

¶ 10 DOR now seeks interlocutory review pursuant to section 13–4–102.1 and C.A.R. 4.2.

## II. Discussion

¶ 11 Section 13–4–102.1(1) provides:

The court of appeals, under rules promulgated by the Colorado supreme court, may permit an interlocutory appeal of a certified question of law in a civil matter from a district court or the probate court of the city and county of Denver if:

(a) The trial court certifies that immediate review may promote a more orderly disposition or establish a final disposition of the litigation; and

(b) The order involves a controlling and unresolved question of law.

¶ 12 C.A.R. 4.2 provides, in pertinent part:

(a) Discretionary Interlocutory Appeals. Upon certification by the trial court, or stipulation of all parties, the court of appeals may, in its discretion, allow an interlocutory appeal of an order in a civil action. . . .

(b) Grounds for Granting Interlocutory Appeal. Grounds for certifying and allowing an interlocutory appeal are:

(c) Where immediate review may promote a more orderly disposition or establish a final disposition of the litigation; and

(2) The order involves a controlling and unresolved question of law. For purposes of this rule, an "unresolved question of law" is a question that has not been resolved by the Colorado Supreme Court or determined in a published decision of the Colorado Court of Appeals, or a question of federal law that has not been resolved by the United States Supreme Court.

¶ 13 Accordingly, in our discretion, we may grant an interlocutory appeal when (1) immediate review may promote a more orderly disposition or establish a final disposition of the litigation, (2) the order from which an appeal is sought involves a controlling question of law, and (3) that question of law is unresolved. *See Farm Deals, LLLP v. State,* —— P.3d ——, ——, 2012 WL 19763 (Colo. App.2012); *Tomar Dev., Inc. v. Bent Tree, LLC,* 264 P.3d 651, 653 (Colo.App.2011); *Adams v. Corrections Corp. of America,* 264 P.3d 640, 643 (Colo.App.2011).

¶ 14 Examining those factors in reverse order here, we first conclude that there are, as the trial court listed, four issues of law that are matters of first impression in this state. *See Tomar Dev.,* 264 P.3d at 653 (when legal issues are matters of first impression, they involve an unresolved question of law).

¶ 15 Second, for the following reasons, the order involves controlling issues of law:

- The challenged order presents issues of widespread public interest because there are several hundred pending parallel appeals to three separate district courts involving similar if not identical conservation easement tax credit issues, *see Adams,* 264 P.3d at 646 (identifying whether issue is of widespread public interest as appropriate factor in determining whether there are controlling issues of law);

- The failure to join an indispensable party who cannot feasibly be joined subjects a plaintiff's complaint to dismissal, and thus could be potentially case-dispositive, *see* C.R.C.P. 12(b)(6) (providing for motion to dismiss for failure to join a party under C.R.C.P. 19); *Hicks v. Joondeph,* 232 P.3d 248, 252 (Colo.App.2009) (noting that failure to join an indispensable party is "such an egregious defect that the court may dismiss the action on its own motion"); *see also Cruz–Cesario v. Don Carlos Mexican Foods,* 122 P.3d 1078, 1081 (Colo.App.2005) (noting that dismissal is an appropriate remedy when an indispensable party cannot feasibly be joined but that "[g]enerally . . . if there has been a failure to join an indispensable party, the court should not dismiss the action, but rather should join that necessary party or allow the plaintiff an opportunity to do so");

- Appellate guidance in resolving these issues would control the ultimate outcome of identical issues in those related cases, *see In re Showa Denko K.K.L–Tryptophan Products Liability Litigation–II,* 953 F.2d 162, 165 (4th Cir.1992) (order would be applicable to hundreds of litigants); *see also* C.A.R. 35(f) (published opinions of the court of appeals shall be followed as precedent by trial courts); *Martin v. District Court,* 191 Colo. 107, 109, 550 P.2d 864, 865 (1976) (same); *Farm Deals,* —— P.3d at —— (presenting issues for resolution identical to those presented here); and

- Resolution of the issues would avoid the risk of inconsistent results in many different proceedings, *see Shaw Constr., LLC v. United Builder Servs., Inc.,* —— P.3d ——, ——, 2012 WL 311665 (Colo. App. No. 11 CA2351, Feb. 2, 2012) [ (Colo.App.2012) ]; *Green v. Duke Power Co.,* 305 N.C. 603, 608, 290 S.E.2d 593,

596 (1982) (allowing an interlocutory appeal due to "the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue"); *see also Farm Deals,* —— P.3d at —— (same trial court as here decided similar issues differently than it did in this case).

¶ 16 Third, immediate review may promote a more orderly disposition or establish a final disposition. Whether transferees must be personally served will ultimately relate to whether the judgment will be binding upon them. *See SL Group, LLC v. Go West Industries, Inc.,* 42 P.3d 637, 640 (Colo.2002) (to bind party with a valid judgment, court must have jurisdiction over both the subject matter of the case and that particular party). Hence, determining this issue now will reduce litigation of similar issues, conserve judicial resources, and prevent inconsistent decisions. *See In re Water Rights of Elk Dance Colorado, LLC,* 139 P.3d 660, 667 (Colo.2006) (issue and claim preclusion principles may preclude further litigation, conserve judicial resources, and prevent inconsistent decisions).

¶ 17 For these reasons, we exercise our discretion and grant DOR's petition for interlocutory review.

Judge WEBB and Judge GABRIEL concur.