2014 COA 6

Melody L. RICH, individually, as Trustee of Erma L. Rich Trust, and as Agent under the Power of Attorney for Erma L. Rich, Plaintiff-Respondent,

v.

BALL RANCH PARTNERSHIP, a Colorado general partnership; Roland G. Ball; Leonard O. Ball; Tammie L. Ball; Wayne E. Ball; and Merietta B. West, Defendants-Petitioners.

Court of Appeals No. 14CA2297

Colorado Court of Appeals,
Div. A.

Announced January 29, 2015

Otis, Bedingfield & Peters, LLC, Jennifer L. Peters, Greeley, Colorado, for Plaintiff-Respondent

Witwer Oldenburg Barry & Groom, LLP, John J. Barry, Greeley, Colorado; Winters Hellerich & Hughes, LLC, Thomas E. Hellerich, Greeley, Colorado, for Defendants-Petitioners

Opinion by JUDGE J. JONES

¶ 1 Ball Ranch Partnership, Roland G. Ball, Leonard O. Ball, Tammie L. Ball, Wayne W. Ball, and Marietta B. West (collectively, petitioners) petition this court, pursu-

ant to section 13–4–102.1, C.R.S.2014, and C.A.R. 4.2 for interlocutory review of the district court's order denying their motion for a determination of a question of law. We dismiss the petition because the issue certified by the district court—the interpretation of a contractual provision—does not present a "question of law" within the meaning of section 13–4–102.1 and C.A.R. 4.2.

## I. Background

¶ 2 From those documents petitioners have submitted with their petition, we glean that this case involves a dispute over operation of the Ball Ranch Partnership.[1] Plaintiff, Melody L. Rich, represents the Erma L. Rich Trust, which is a partner in Ball Ranch Partnership, as are, apparently, petitioners. Ms. Rich, on behalf of herself, Erma L. Rich, and the Erma L. Rich Trust, has brought suit against petitioners challenging partnership actions, alleging breaches of fiduciary duties.

¶ 3 Ball Ranch Partnership is governed by a 1982 partnership agreement. Purportedly central to the parties' dispute is the meaning of Section VIII of the agreement, entitled "RESTRICTIONS ON TRANSFER," which states:

No partner shall, except with the written consent of all other partners, assign, mortgage, pledge, sell, lease, or otherwise dispose of his or her share in the Partnership or in the capital assets and property, directly or indirectly.

¶ 4 Petitioners moved for a determination of a question of law pursuant to C.R.C.P. 56(h), asking the court to interpret Section VIII to mean that (1) it does not restrict transfers by the partnership itself; (2) it does not restrict the ability of individual partners to make transfers on the partnership's behalf; and (3) it only restricts transfers by an individual partner of that partner's individual interest in the partnership or share of partnership capital assets or property.

¶ 5 After the parties fully briefed the issues, the district court denied the motion. The court ruled that Section VIII unambiguously prohibits transfers of interests, assets, or property by the managing partner, or any other partner purporting to act on behalf of the partnership, without written consent from all partners. Petitioners timely moved for certification under section 13–4–102.1 and C.A.R. 4.2 of the following issue: "Whether Article VII[I] of the Ball Ranch partnership agreement requires the unanimous consent of all partners for the 'conveyance, lease, assignment or hypothecation' of any Partnership property." Ms. Rich opposed the motion. The court granted the motion, noting, among other things, "a complete lack of case law authority to direct this court in how the language at issue should be interpreted." Petitioners timely filed their petition with this court.

## II. "Question of Law"

¶ 6 Section 13–4–102.1(1) authorizes this court, "under rules promulgated by the Colorado supreme court," to allow "an interlocutory appeal of a certified question of law" in a civil case, if the lower court "certifies that immediate review may promote a more orderly disposition or establish a final disposition of the litigation" and "[t]he order involves a controlling and unresolved question of law." C.A.R. 4.2(b) repeats these requirements.

¶ 7 The statute and rule are of fairly recent vintage. Consequently, few published decisions address the nature of an issue appropriate for discretionary interlocutory appeal. We have decided questions of statutory interpretation under this procedure. *E.g.,* *Indep. Bank v. Pandy,* 2015 COA 3, —— P.3d ——; *Triple Crown at Observatory Vill. Ass'n v. Vill. Homes of Colo., Inc.,* 2013 COA 144, ¶ 16, —— P.3d —— ("Each question involves statutory interpretation, which is a question of law."); *In re M.D.E.,* 2013 COA 13, 297 P.3d 1058; *Kowalchik v. Brohl,* 2012 COA 25, 277 P.3d 885; *Shaw Constr., LLC v.*

1. Our understanding of the nature of this lawsuit is hampered by petitioners' failure to submit a copy of the operative complaint with their petition. *See* C.A.R. 4.2(d)(4)(B) (a petition shall be accompanied by "supporting documents ade- quate to permit review," which may include "[d]ocuments and exhibits submitted in the proceeding below that are necessary for a complete understanding of the issues presented").

*United Builder Servs., Inc.*, 2012 COA 24, 296 P.3d 145. We have also construed court rules under this procedure. *Kowalchik*, 2012 COA 25, 277 P.3d 885; *Adams v. Corr. Corp. of Am.*, 264 P.3d 640 (Colo.App.2011). And we have considered the reach of the common law under this procedure. *Mid Valley Real Estate Solutions V, LLC v. Hepworth–Pawlak Geotechnical, Inc.*, 2013 COA 119, 343 P.3d 987 (*cert. granted* Mar. 3, 2014); *see also Wahrman v. Golden W. Realty, Inc.*, 313 P.3d 687, 688 (Colo.App.2011) (assuming a question relating to the application of economic loss rule presented a question of law); *Tomar Dev., Inc. v. Bent Tree, LLC*, 264 P.3d 651, 653 (Colo.App.2011) (assuming a question relating to equitable subordination presented a question of law).

¶ 8 But we have not held that every legal issue which we would review de novo on direct appeal constitutes a "question of law" for purposes of discretionary interlocutory appeal. Today we hold that not every such issue is a question of law within the meaning of section 13–4–102.1 and C.A.R. 4.2. More specifically, we hold that a garden-variety issue of contract interpretation is not such a question.

¶ 9 We begin with the language of the statute and the rule. *See Robinson v. Legro*, 2014 CO 40, ¶ 14, 325 P.3d 1053 (when construing a statute, the court looks first to the plain meaning of the statutory language); *Mercantile Adjustment Bureau, L.L.C. v. Flood*, 2012 CO 38, ¶ 30, 278 P.3d 348 (in construing a procedural rule, "[w]e first look to the language of the rule itself"). The statute does not include any language bearing on the issue before us. But C.A.R. 4.2 does. Subsection (b)(2) of the rule defines an "unresolved question of law" as "a question that has not been resolved by the Colorado Supreme Court or determined in a published decision of the Colorado Court of Appeals, or a question of federal law that has not been resolved by the United States Supreme Court."

¶ 10 The Colorado Supreme Court chooses the cases it will decide based on several considerations. *See* C.A.R. 49, 50. Those considerations are unlikely to favor choosing to review a case merely because it involves a run-of-the-mill issue of contract interpretation. Nor is the Court of Appeals likely to publish a decision merely because the case involves an issue of contract interpretation. *See* C.A.R. 35(f) (setting forth criteria for the court to apply in determining whether to officially publish a decision). Therefore, though the definition of "unresolved question of law" in C.A.R. 4.2(b)(2) perhaps bears most directly on the meaning of "unresolved," we conclude that it also suggests limitations on the nature of a "question of law" subject to discretionary interlocutory review. It suggests that such questions are those which present a "pure" question of law, as opposed to the mere application of settled legal principles to the facts.

¶ 11 But because the language of the rule is not entirely clear on this point, we also consider cases construing the federal counterpart to section 13–4–102.1 and C.A.R. 4.2, 28 U.S.C. § 1292(b) (2012). The Colorado statute and rule are modeled after section 1292(b). Although the scope of Colorado's statute and rule is perhaps not coextensive with that of the federal statute, *see Shaw Constr.*, ¶ 10, the state and federal provisions are sufficiently similar that we consider decisions applying section 1292(b) informative when determining the meaning and parameters of our state provisions. *See Triple Crown*, ¶¶ 19–22; *Adams*, 264 P.3d at 643.[2]

¶ 12 Many federal courts have addressed the meaning of "question of law" in section 1292(b). The leading case is *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674 (7th Cir.2000). In that case, a defendant sought interlocutory appellate review of a denial of its motion for summary judgment. In concluding that the district court had improperly certified the issue under section 1292(b), the Seventh Circuit distinguished between "pure" questions of law—which may be reviewable under section 1292(b)—and other questions that are questions of law only in the sense that they are free from factual

---

2. We may also consider decisions from states having similar interlocutory appeal provisions. *See Adams v. Corr. Corp. of Am.*, 264 P.3d 640, 643 (Colo.App.2011). We have not come across any that are relevant to the issue we resolve today.

dispute or involve only the application of settled principles of law to undisputed facts. As relevant in this case, the court said:

- " '[Q]uestion of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact."

- "[T]he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either."

- "[The framers of section 1292(b) ] used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait until the end of the case."

- " '[Q]uestion of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted."

*Id.* at 676–77.

¶ 13 Consistent with *Ahrenholz*, numerous federal courts have concluded that a question of contract interpretation is not a "question of law" for purposes of section 1292(b). *E.g., Maxtena, Inc. v. Marks*, No. DKC 11–0945, 2014 WL 4384551, at *6 (D.Md. Sept. 2, 2014) ("[T]he issue raised in Marks's motion—

whether the Shareholders Agreement survived the merger—is not a 'question of law' under section 1292(b), but is more appropriately characterized as an application of a legal principle to a set of facts.... [O]n the spectrum of 'controlling questions of law,' running from whether summary judgment was properly granted to whether state or federal law should be applied, a question of contract interpretation falls closer to the summary judgment end of the spectrum, and is inappropriate to invoke the extraordinary remedy of early appellate review."); *Great Am. Ins. Co. of N.Y. v. Int'l Custom Prods., Inc.*, No. 3:09–124, 2011 WL 7037123, at *4 (W.D.Pa. Oct. 31, 2011) ("[Section] 1292(b) was not designed to secure interlocutory appellate review of the Court's interpretation of unambiguous contractual provisions."); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 426 F.Supp.2d 125, 128 (S.D.N.Y.2005) (ruling on motion for judgment on the pleadings as to the meaning of a contractual term was not appropriate for interlocutory appeal).[3]

¶ 14 We agree with the decisions in these cases. To be sure, as some of the cited cases acknowledge, "[t]he interpretation of a contract is a question of law." *FDIC v. Fisher*, 2013 CO 5, ¶ 9, 292 P.3d 934; *accord Ad Two, Inc. v. City & Cnty. of Denver*, 9 P.3d 373, 376 (Colo.2000); *Boulder Plaza Residential, LLC v. Summit Flooring, LLC*, 198 P.3d 1217, 1220 (Colo.App.2008). But it is typically a question of law only because it requires application of well-settled principles of contract interpretation to the facts. It therefore presents a question of law only in the same way as does a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment. *See Feiger,*

---

3. *See also, e.g., Weaver Cooke Constr., LLC v. Stock Bldg. Supply, LLC*, Nos. 5:14–CV–475–BR, 5:14–CV–515–BR, 5:14–CV–524–BR, 5:14–CV–537–BR, 2014 WL 5307501, at *4 (E.D.N.C. Oct. 16, 2014); *Great Lakes Gas Transmission Ltd. P'shp v. Essar Steel Minn., LLC*, No. 09–CV–3037 (SRN/LIB), 2013 WL 4028144, at * *4–5 (D.Minn. Aug. 7, 2013); *Merrill v. Briggs & Stratton Corp.*, No. 10–CV–00700, 2012 WL 663819, at *1 (E.D.Wis. Feb. 29, 2012) ("Certification [under section 1292(b) ] is not appropriate where the question involves only the routine application of well-settled legal standards to uncontested facts."); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, No. 1:04–CV–477–TLS, 2012 WL 589292, at *2 (N.D.Ind. Feb. 21, 2012); *In re M/V Rickmers Genoa Litig.*, Nos. 05 Civ. 4261(LAP), 05 Civ. 6226(LAP), 05 Civ. 8841(LAP), 05 Civ. 9472(LAP), 2011 WL 9154839, at *1 (S.D.N.Y. July 8, 2011); *Liberty Ins. Underwriters, Inc. v. Westport Ins. Corp.*, No. 04–cv–01856–WYD–BNB, 2006 WL 2734304, at *2 (D.Colo. Sept. 25, 2006); *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F.Supp.2d 710, 723–24 (E.D.Mich.2002); *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 94 (S.D.N.Y.2002).

**984**

*Collison & Killmer v. Jones,* 926 P.2d 1244, 1250 (Colo.1996) (" 'All summary judgments are rulings of law in the sense that they may not rest on the resolution of disputed facts.' " (quoting *Black v. J.I.* Case Co., 22 F.3d 568, 571 n.5 (5th Cir.1994))); *Armed Forces Bank, N.A. v. Hicks,* 2014 COA 74, ¶ 20, —— P.3d —— ("We review de novo a district court's grant of summary judgment because it is a question of law."); *see also Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 631 (2d Cir.1991) (if the issue is merely whether genuine issues of material fact exist, certification under section 1292(b) is not appropriate).

¶ 15 To be clear, we do not hold that all issues of contract interpretation or, for that matter, all rulings on dispositive motions, are ineligible for interlocutory appellate review. The interpretation of a contract, or a decision on a motion to dismiss or for summary judgment, may depend on the determination or application of an abstract or "pure" question of law. *See, e.g., Malbrough v. Crown Equip. Corp,* 392 F.3d 135, 136–37 (5th Cir. 2004) (while the underlying issue of whether a genuine issue of material fact exists was not a question of law within the meaning of section 1292(b), the question of statutory interpretation central to the district court's summary judgment determination was). Indeed, we have accepted interlocutory appeals in cases arising from such rulings when an abstract or pure question of law was presented. *E.g., Pandy,* 2015 COA 3, —— P.3d —— (motion for judgment on the pleadings; issues of statutory interpretation); *Triple Crown,* 2013 COA 144, —— P.3d —— (motion to enforce contractual arbitration provision; issues of statutory interpretation); *Mid Valley Real Estate,* 2013 COA 119, 343 P.3d 987 (motion for summary judgment; issue relating to the application of a common law doctrine); *Kowalchik,* 2012 COA 25, 277 P.3d 885 (motion to dismiss; issues of statutory and rule interpretation); *Shaw Constr.,* 2012 COA 24, 296 P.3d 145 (motion for summary judgment; issues of statutory interpretation).

¶ 16 But this case does not present any abstract or pure question of law underlying the district court's interpretation of the contract. Rather, the district court's denial of petitioners' motion for a determination of a question of law involved no more than a routine application of well-settled principles of contract interpretation to particular contractual language. And that language has no widespread public application. We therefore conclude that the issue the district court certified for interlocutory appeal is not a question of law for purposes of section 13–4–102.1 and C.A.R. 4.2.

¶ 17 The petition is dismissed.

JUDGE TAUBMAN and JUDGE WEBB concur.