# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30803
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2016

Lyle W. Cayce
Clerk

NOREEN W. JOHNSON,

    Plaintiff–Appellant Cross-Appellee,

v.

GEOVERA SPECIALTY INSURANCE COMPANY,

    Defendant–Appellee Cross-Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2320

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

This appeal stems from an alleged breach by Noreen Johnson of cooperation clauses in two homeowner's insurance policies issued by GeoVera. After her house suffered windstorm damage in Hurricane Isaac and fire damage in a separate event nearly two years later, Johnson sought to recover under the policies. After GeoVera paid what Johnson thought was an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient amount, Johnson filed suit in Louisiana state court, from which GeoVera properly removed to federal court. Once in federal court, GeoVera filed successive summary judgment motions. In deciding the first motion, the court, although it "easily conclude[d]" that Johnson's actions constituted a breach of the cooperation clauses, was uncertain "whether [GeoVera] ha[d] been prejudiced by the breach" and denied the motion. On consideration of the second summary judgment motion, the court held that Johnson's continued failure to comply with the cooperation clauses had now prejudiced GeoVera, relieving GeoVera of its coverage duties, and, thus, granted the motion. The case arrived before our court on GeoVera's and Johnson's respective cross-appeals of the district court's summary judgment orders. Because we agree with the district court that Johnson's noncompliance with the cooperation clauses prejudiced GeoVera by the time the court issued the second summary judgment order, we affirm the district court's second summary judgment order and dismiss GeoVera's cross-appeal as moot.

## I

This court reviews summary judgment decisions de novo.[1] A movant is entitled to summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2] A genuine dispute as to a material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party,"[3] and, accordingly, "[o]nly disputes over facts that might

---

[1] *Admiral Ins. Co. v. Ford*, 607 F.3d 420, 422 (5th Cir. 2010); *Malbrough v. Crown Equip. Corp.*, 392 F.3d 135, 136 (5th Cir. 2004).

[2] *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009).

[3] *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[4]  Although we interpret the evidence in a light most favorable to the nonmovant, if the movant shows the absence of a genuine dispute, "the nonmovant 'must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'"[5]

## II

The cooperation clauses eliminate GeoVera's coverage duties if, with prejudicial effect, Johnson fails to take certain actions after the event triggering the policy coverage occurs.  The cooperation clauses, in pertinent part, require Johnson to (1) "[c]ooperate with [GeoVera] in the investigation of a claim," (2) "[p]repare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss," (3) "[a]ttach all bills, receipts and related documents that justify the figures in the inventory," (4) "[s]how the damaged property" as often as GeoVera reasonably required, (5) provide GeoVera with requested "records and documents," and (6) "[s]ubmit to examination under oath."

GeoVera and Johnson do not have a genuine dispute over the facts at the foundation of the summary judgment motions.  As an initial matter, Johnson urges us to consider evidence that her brief concedes was "not available and not considered . . . at the time of the [j]udgment dismissing this case."  Our review of a summary judgment order, however, generally extends only to facts in the record before the district court when it issued its order.[6]  Because Johnson elected to appeal the adverse summary judgment order only, we will

---

[4] *Id.* (quoting *Anderson*, 477 U.S. at 248).

[5] *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

[6] *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006).

No. 15-30803

not consider evidence introduced for the first time during briefing for a Rule 59 motion that yielded a decision from which Johnson did not appeal.[7]

The relevant record evidence clearly evinces that Johnson did not comply with the cooperation clauses. For example, after invoking her contractual appraisal right, but before GeoVera had complied, Johnson demolished a significant portion of the flooring, almost completely gutted the interior, performed extensive framing repairs, and then terminated the appraisal process. Although Johnson claims that building code violations forced her to perform this work, the only parish citation that Johnson produced that spanned the relevant time was a citation for her failure to obtain a permit to repair major termite damage, which would not mandate repair work and was not within the policies' coverage. Nevertheless, GeoVera invoked its appraisal right and continued to perform its duties under the illusion that Johnson would fulfill her promise to provide several videos and thousands of photos of the fire damage. Johnson, however, refused to provide the videos and photos until almost a month after the parties had submitted their briefs (which Johnson elected not to supplement) for the second summary judgment motion in response to a subpoena and document discovery requests.

Johnson also refused, despite several requests, to submit to the required examination under oath until the court compelled her to do so after rendering the decision in the first summary judgment motion—over a year after the fire. And, despite receiving several production requests, she failed to provide, among other things, basic documentation to justify the figures in her proof-of-loss list, which included indefinite items like "30 remote controllers" at a cost of $1,200, "50 books" at a cost of $2,000, "40 VHS tapes" at a cost of $1,200, and

---

[7] *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a Rule 59 motion] . . . *must file* a notice of appeal[] or an amended notice of appeal . . . ." (emphasis added)).

a "cabinet full of food/seasoning" at a cost of $2,700. She declined even to contact the vendor retained by GeoVera to assist with verifying the value of the items in her proof-of-loss list.

With Johnson's noncompliance established, we turn to the next issue of whether Johnson's noncompliance prejudiced GeoVera. When determining whether noncompliance with a cooperation clause has effected prejudice, we must do so in light of the purpose of a cooperation clause, which we have held is to enable "the insurer to obtain relevant information concerning the loss while the information is fresh."[8] More specifically, a provision requiring an examination under oath serves "to protect the insurer against fraud, by permitting it to probe into the circumstances of the loss."[9] Johnson's noncompliance has materially thwarted these purposes and thus prejudiced GeoVera in two primary ways.

First, by significantly altering the state of the house before GeoVera's agent could appraise it, Johnson effectively negated GeoVera's appraisal right, as GeoVera could no longer inspect the extent of the smoke damage, which Johnson claimed required the removal of all insulation, nor evaluate the extent of the damage attributable not to the fire but to the house's termite infestation, a condition not covered under the policies. Johnson's significantly delayed delivery of the videos and photos, even if they could provide an adequate substitute for a physical appraisal, prejudiced GeoVera nonetheless by forcing GeoVera to engage in an unorthodox, more expensive inspection process.

Second, Johnson prejudiced GeoVera by refusing to sit for an examination under oath until over a year after the fire. The delay caused

---

[8] *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162, 165 (5th Cir. 2012) (quoting *Holden v. Connex-Metalna Mgmt. Consulting*, No. Civ. A.98-3326, 2000 WL 1741839, at *2 (E.D. La. Nov. 22, 2000)).

[9] *Id.*

Johnson to forget information vital to protect GeoVera from fraud during the claims process. For example, Johnson could not recall with certainty what she did the day the fire occurred, and knowledge to supplement her indefinite proof-of-loss list had dissipated, resulting in her inability to name, among other things, the manufacturer, age, place of purchase, or purchase price for a myriad of listed items. Because of Johnson's willful failure to provide basic documentation or to communicate with GeoVera's proof-of-loss vendor, the examination under oath had become necessary to accurately value Johnson's loss, a task that Johnson's willful delay had rendered the examination under oath manifestly incompetent to do.

Accordingly, we hold that Johnson's noncompliance with her policy duties prejudiced GeoVera and consequently breached the cooperation clauses, eliminating GeoVera's coverage duty and entitling GeoVera to summary judgment.

*        *        *

For the foregoing reasons, we AFFIRM the order of the district court granting GeoVera's summary judgment motion and DISMISS as moot GeoVera's cross-appeal.